RIDGELL vs. DALE.

1. R. and others execute a bond to D., conditioned to "forever indemnify and hold harmless the said D. from all loss and liability as a stockholder or officer of the Irwinton Bridge Company," of which D. was the President. D. sues R. on the bond, and assigns as a breach of its condition, that a suit was instituted against the company, to conduct which it became necessary to retain counsel, and that the plaintiff, being its President, and authorized by it to manage said suit, finding it impracticable to engage the services of counsel on the credit of the company, did so on his individual responsibility, and has been compelled to pay therefor a certain sum of money, which the company has

Ridgell v. Dale.

never refunded:—*Held*, that the assignment does not set out such a breach as entitles the plaintiff to recover, and that a demurrer to it should have been sustained.

2. A declaration in covenant must clearly show that the covenant is broken.

Error to the Circuit Court of Barbour. Tried before the Hon. George Goldthwaite.

Buford, for plaintiff:

1. The breach must be within the words of the covenant: it must appear from the declaration that the covenant was broken. Bearce v. Jackson, 4 Mass. Rep. 408; Twamly v. Henly, ib. 441; Prescott v. Truman, ib. 627; Richert v. Snider, 9 Wend. 416; Pollard v. Dwight, 4 Cranch, 421; 2 Bacon's Ab. (Am. ed. 1846,) p. 577, 578, 580, 582, 585.

2. Covenant must be construed as commonly understood. Pavey & Orr v. Burch, 3 Missouri, 447. In the case at bar the covenant may have been intended to embrace liabilities to the company for official default or misfeasance, and liabilities for contribution and levy as a stock-holder; or, (and past history however recent, is noticed by the court) if it is remembered how many companies and corporations without banking privileges assumed such privileges, and provoked the passage of the Act to make the officers and stock-holders personally liable, then the covenant may be understood as intended to cover such liabilities, which doubtless in this case was the fact, but by no construction can it embrace the case complained of.

3. Whether "the company" was a private or corporate association, is deemed immaterial, as the president of either is a mere servant and agent and not necessarily interested in or liable for its contracts.

Harris, contra.

DARGAN, J.—This was an action of debt on a bond, executed by the defendant below and others to the plaintiff, in the sum of six thousand dollars, bearing date the 14th day of May 1844, which was subject to a condition in the following words: Whereas, the said Robert O. Dale has executed to us his three several promissory notes, amounting in all to five thousand

dollars, one for sixteen hundred and sixty-six dollars and six-ty-six cents, due six months after date, the others for the same amount, due at nine and twelve months, together with a mort-gage of real estate with power of sale to secure their prompt payment: Now if we forever indemnify and hold harmless the said Dale from all loss and liability as a stockholder or of-ficer of the Irwinton Bridge Company, this obligation to be void, but not else. The declaration contains five assignments of the breach of the condition of the bond, or rather the same breach is assigned five times in language slightly different, but in legal effect the same. The substance of the breach is that there was a suit pending in Randolph County, in the State of Georgia, against the Company, and the plaintiff, who was the President of the Company, together with the Secretary, were authorized to conduct and manage the suit. It became necess-ary to employ David Kiddoo as an attorney to take an appeal from the judgment of the Superior Court of Randolph, but he refused to be employed on the credit of the Company. The plaintiff and the Secretary had to become individually liable to pay his fee, and they executed to him their note for two hundred and fifty dollars, of which the Company was inform-ed and they ratified the act. The plaintiff also avers that he has been compelled to pay the note, that the Company is in-solvent and has not repaid him the sum paid the attorney— of all which the defendant had notice, &c. The defendant craved oyer of the bond and demurred to all the assignments; which was overruled by the court. The overruling of the demurrer is here assigned for error.

The only question raised by the demurrer is, whether the facts alleged constitute a breach of the condition of the bond. The intention of the obligors, as gathered from the language of the condition, is to indemnify and save the plaintiff harmless from all liability as a stock-holder and officer of the company; and consequently, extends to protect him from all liability, in-curred in the performance of the duties required of him as president of the company, as well as all liability imposed on him by law as such stock-holder, or that it was his legal duty to assume. Was it his duty to become individually liable for the expenses or any part of them, incident to the defending of suits brought against the company? We are not informed

Ridgell v. Dale.

that it was, and we cannot infer in the absence of express allegations, that it is required of the President, as a part of his duty to become personally liable for the debts of the company, or to pay with his own funds, the necessary expenses of litigation. Indeed, we should be led to the opposite conclusion by the declaration. It alleges that the plaintiff was authorized to conduct the defence of the suit, and to pledge the property of the company, if it became necessary for that purpose; it then avers that counsel could not be employed on the credit of the company, and the plaintiff and the secretary, had to become individually liable for his fees, of which the company afterwards approved. This would rather incline us to believe that the plaintiff voluntarily assumed this liability for the benefit of the company, but not that he was bound to do it as president, or that it came within the range of his duties as president or stock-holder to pay from his own funds, the expenses of counsel fees.

A declaration in covenant must clearly show that the covenant is broken. 1 Hawks, 151; 3 Bibb, 330; 9 Wendell, 416. If the declaration is so uncertain that the court cannot pronounce that the covenant is broken, the plaintiff does not show that he is entitled to recover, and a demurrer should be sustained. Tested by these rules, the demurrer should have been sustained, for we are not able to pronounce that the condition of the bond is broken. Before it can be broken, the plaintiff must suffer loss in the performance of the duties required of him as President, or by the assumption of liabilities, that he was bound to assume. We are not informed that he was bound to assume this personal liability, and if he was not, the bond does not protect him, for it only extends to such acts as the President of the company, by virtue of his office, was bound to perform, and to such liabilities as it was his legal duty to assume.

The court erred in overruling the demurrer, and the judgment must be reversed, and the cause remanded.