(110 So. 822)

### PYLE v. PIZITZ.  (6 Div. 645.)

(Supreme Court of Alabama.   Nov. 18, 1926.
Rehearing Denied Jan. 6, 1927.)

1. **Action ☞47—That some counts are in tort and others ex contractu, held not to render whole complaint objectionable (Code 1923, § 9467).**

That some counts of complaint are in tort and others ex contractu is no ground for objection to complaint as whole, under Code 1923, § 9467, where each alleges cause of action arising out of same subject-matter.

2. **Guaranty ☞4—Contract held one of indemnity against liens, incumbrances, and defects, though guaranteeing title to lease conveyed.**

Contract whereby grantors "guarantee the title to said lease" and agree to protect grantee thereof from any existing liens, incumbrances, and defects, "in order to indemnify" and hold him harmless from any liens, *held* a contract of indemnity, not guaranty.

3. **Indemnity ☞6—Indemnity contract should be construed to effectuate intent and not extended to losses not covered expressly by reasonable inference.**

Contract of indemnity should be construed, like contracts in general, to give effect to parties' intention, and cannot be extended to losses or damages not expressly within its terms, or such as it may reasonably be inferred that parties intended to covenant against.

4. **Indemnity ☞15(6) — Declaration should clearly show alleged breach of indemnity contract.**

Declarations as for breach of contract of indemnity should clearly show that contract has been breached.

5. **Indemnity ☞15(6)—Count for breach of indemnity contract held deficient in not stating substantially nature of incumbrances causing loss indemnified against.**

Count of complaint, in action for breach of contract to indemnify plaintiff against existing liens or incumbrances on oil lease conveyed to him, *held* deficient in not stating substantially nature of liens or incumbrances alleged to have caused loss or damage.

6. **Indemnity ☞15(6)—Count alleging that defendant owned or claimed interest in lease, against incumbrances on, or defect in title to, which he contracted to indemnify plaintiff, held defective.**

In action for breach of contract to indemnify plaintiff against existing liens and incumbrances on or defects in title to oil and gas lease conveyed to him, count alleging that defendant "owned or claimed to own" a fourth interest in leasehold *held* defective as alleging incumbrance or defect in title in alternative.

7. **Indemnity ☞8—Mere unsupported claim of interest in leasehold is not lien or incumbrance within indemnity contract.**

Mere idle or unsupported claim of interest in leasehold does not constitute lien or in-

cumbrance within contract to indemnify grantee against them.

8. **Indemnity ☞15(6)—Counts alleging loss of purchase money, profit from resale of oil lease, and payments for oil held demurrable as seeking remote, consequential damages not covered by indemnity contract.**

In action for breach of contract to indemnify plaintiff against existing liens or incumbrances on and defects in title to oil and gas lease conveyed to him, counts of complaint seeking damages for loss of money paid for and profit from resale of leasehold, and stoppage of payment for oil issuing from lease *held* demurrable as seeking remote, consequential damages not covered by contract.

9. **Bills and notes ☞227 — Count alleging breach of agreement to indorse checks for oil from lease conveyed to plaintiff held to state cause of action.**

In action for breach of written contract to indemnify plaintiff against existing liens or incumbrances on or defects in title to oil lease conveyed to him, count alleging substance of such contract and contemporaneous agreement to indorse over to plaintiff all checks received in payment for oil produced from lease, which defendant failed to do, *held* to state different cause of action, as showing promise on consideration, breach and damage, though not alleging loss from breach of indemnity contract, and alleging superfluous, remotely related facts connected therewith.

10. **Evidence ☞441(1)—Count held not demurrable as showing that agreement to indorse checks for oil from lease conveyed to plaintiff was part of written indemnity contract, so as to exclude parol proof.**

In action for breach of written contract to indemnify plaintiff against existing liens or incumbrances on or defects in title to oil lease conveyed to him, count alleging substance of such contract and contemporaneous agreement to indorse to plaintiff all checks received in payment for oil produced from lease, which defendant failed to do, *held* not demurrable as disclosing that latter contract was part of indemnity contract, so as to exclude parol proof of it and its attending facts.

11. **Indemnity ☞15(6)—Allegations of fraud, inducing grantee of oil lease to accept contract of indemnity against incumbrances and defects, held not to warrant recovery for lost purchase money, oil receipts, and leasehold.**

Allegations of fraudulent representations or concealments, inducing plaintiff to enter into written contract of indemnity against existing liens or incumbrances on or defects in title to oil lease purchased by him, *held* not to enlarge recoverable damages to include loss of purchase money, receipts from oil produced by lease, and leasehold itself, in view of allegation of reliance on contract.

12. **Fraud ☞45—Count held to state cause of action for deceit in representing seller of oil lease was lawful owner.**

Count of complaint, alleging that plaintiff purchased oil lease in reliance on defendant's

---

false representations that vendor was lawful owner of lease and all oil produced therefrom, whereas defendant owned seven-eighths interest in oil, *held* to state cause of action for deceit.

### 13. Limitation of actions ⬅182(3)—Limitations must be specially pleaded.

Statute of limitations must be specially pleaded.

### 14. Pleading ⬅34(3)—Facts cannot be assumed to sustain demurrer.

Facts cannot be· assumed to sustain demurrer to complaint on ground that plaintiff's right, under contract sued on, was lost before filing of complaint, but such suggestions should be brought to court's attention by pleas.

### 15. Conspiracy ⬅18—Count, alleging conspiracy fraudulently to induce purchase of oil lease and acceptance of indemnity contract, held not to state cause of action for nonpayment of money.

Count of complaint, alleging that defendant and others conspired by false and fraudulent representations to induce plaintiff to purchase oil lease from another and to accept contract of indemnity against liens, incumbrances, or defects, and defendant's promise that checks for oil produced would thereafter be delivered to plaintiff, and that plaintiff, because of failure to receive checks, could not meet purchase money payments, thereby losing money previously paid, money expended in improving property, and property itself, *held* not to state cause of action for default in payment of money.

### 16. Damages ⬅125—Amount lost, with interest, is limit of recovery for default in payment of money.

Measure of damages for default in payment of money is limited by amount lost with interest; any other damage being considered remote, speculative, and unrecoverable.

Appeal from Circuit Court, Jefferson County; O. B. Smith, Judge.

Action by Robert H. Pyle against Louis Pizitz. Plaintiff takes a nonsuit and appeals from adverse rulings on pleading. Reversed and remanded.

The contract sued upon is as follows:

"This indemnifying contract made and entered into this January 23, 1922, by and between M. A. Rosansky, M. Leader, and Louis Pizitz, parties of the first part, and Robert H. Pyle, party of the second part, witnesseth:

"That whereas, the said Rosansky has conveyed to the said Pyle a certain oil and gas lease located in Warren county, Ky., and known as the M. M. Ennis lease on the Glen Lilly Pike, which contains 100 acres, more or less;

"And whereas, there have been certain attachment and other liens filed against said lease:

"Now, therefore, in order to indemnify and hold the said Pyle, or his assigns, harmless from any liens which may now exist against said M. M. Ennis lease and to fully protect him from any and all incumbrances which may up until this date be in existence against said lease, the first parties have made and entered into this contract whereby they guarantee the title to said lease to said Pyle, or his assigns, and hereby agree to protect and hold harmless the said Pyle, or his assigns, from any lien or incumbrances which may be existing upon said lease at this time and to further protect him and his assigns from any defect which may be in existence at this date against said title.

"In witness whereof the said parties have signed their names this the day and date first above written.
     "[Signed] M. A. Rosansky,
       "By M. Leader, Atty. in Fact.
       "M. Leader.
       "Louis Pizitz."

Count 1 claims damages for breach of the foregoing contract and thus avers the breach:

That the defendant failed to hold the plaintiff harmless from any liens which existed against the said M. M. Ennis lease and to fully protect the plaintiff from any and all incumbrances which existed at the time of the execution of said contract against said lease, and that the defendant failed to protect the plaintiff and hold him harmless from any lien or incumbrance that existed at the time of the execution of this contract, upon said lease, and that the defendant failed to protect the plaintiff from any defect which was in existence at the time of the execution of said contract in the title to said lease. And plaintiff avers that, as a direct and proximate consequence of said breach on the part of the defendant, as aforesaid, the crude oil which was produced from said lease was attached, and the refining company which was at that time purchasing said crude oil which was being produced from said lease was garnished, and the plaintiff was unable to receive payment for the crude oil produced from said lease for a long time, to wit, 8 months, that the plaintiff was greatly harassed and inconvenienced in and about his efforts to produce crude oil from said lease, and that he was caused to lose time and labor, and was unable to·make the deferred payments which he had agreed to make as a part of the purchase price of said lease, and that said lease was foreclosed as a result of his failure to pay said deferred payments, and that he was caused to lose the same; plaintiff was further caused to lose a large sum of money, to wit, the sum of $9,000, which he had paid in cash on the purchase price of said lease and was further caused to lose a large sum of money, to wit, the sum of $15,000, which he had spent in making valuable improvements on said lease, and that the plaintiff was caused to lose the further and additional sum of, to wit, $5,500, which was part of the purchase price of said lease; and plaintiff avers that, at the time said lease was foreclosed and sold as aforesaid, its reasonable market value was to wit, $200,000, and that as a direct and proximate result of the defendant's breach of the contract, as aforesaid, the plaintiff was caused to lose said lease and to lose the profits that he would have made thereon, had the defendant carried out said contract. And plaintiff avers that all of his said injuries were directly and proximately

caused by the failure of the defendant to protect the plaintiff, and hold him harmless from any liens or incumbrances that existed against said lease at the time the contract above set forth and described was entered into, all to the damage of the plaintiff in the sum aforesaid, hence this suit.

Count A-2 is as' follows:

A-2. Plaintiff claims of the defendant the sum of $250,000, as damages, for that heretofore on, to wit, the 22d day of January, 1922, the defendant, in consideration of the plaintiff purchasing from one M. A. Rosansky a certain oil and gas lease, located in Warren county, Ky., entered into a written agreement with the plaintiff, in said Warren county, by the terms of which said written agreement it was agreed that there had been certain attachments and other liens filed against said lease, and that the defendant would protect and hold harmless the plaintiff from any lien or incumbrances existing against said lease on the date said contract was executed. And the plaintiff says that at the time he was purchasing said lease from the said Rosansky, as aforesaid, the defendant was present and aiding, advising, and abetting the consummation of said purchase. And the plaintiff avers, further, at the time the defendant was aiding and abetting and advising' the consummation of said purchase, that the defendant falsely and fraudulently represented to the plaintiff that the said Rosansky was the lawful owner of said lease and of all the crude oil being then and there produced from said lease. And plaintiff avers that, relying upon the said representations then and there made to him by the defendant, he purchased said lease and took possession of the same. And plaintiff says that the representations made to him, as aforesaid, by the defendant were false in this; the said Rosansky was not the lawful owner of the crude oil being then and there produced from said lease, but that, on the contrary, the defendant was the owner of one-fourth of a seven-eighths. interest in all the crude oil being . produced and to be produced from said lease. And plaintiff further says that on, to wit, the 8th day of March, 1922, the plaintiff asserted his claim to the ownership of said crude oil, and took and received said oil, and plaintiff avers that, as a direct and proximate result of the false and fraudulent representations made to him by the defendant, as aforesaid, the plaintiff lost a one-fourth of a one-seventh interest in the crude oil being produced from said lease, and that the reasonable market value of said oil was, to wit, $5,000. Wherefore this suit. And plaintiff claims punitive damages.

This count was amended by setting out the contract above reproduced.

Chas. W. Greer and George Frey, both of Birmingham, for appellant.

In order to state a cause of action upon the contract in this case, it is not necessary to allege that the grantee has been ousted by a lienholder or that he has discharged the attachments or liens. 14 R. C. L. 43, 44; 31 C. J. 419, 438; Wicker v. Hoppock, 6 Wall. 94, 18 L. Ed. 752; Stuart v. Carter, 79 W. Va. 92, 90 S. E. 537, L. R. A. 1918D, 1070; N. Y. v. Mechanics' Bank, 130 App. Div. 748, 115 N. Y. S. 769; Wilson v. Hite, 154 Ky. 61, 157 S. W. 42; Anderson v. Washabaugh, 43 Pa. 115; Dickson v. Briggs, 12 Ala. 217; Belmont C. & R. Co. v. Smith, 74 Ala. 206. A contract of indemnity should be construed so as to cover all losses, damages, or liabilities to which it reasonably appears to have been the intention of the parties it should apply. 31 C. J. 421, 432, 438; 27 Cyc. 690; Lyman v. Lull, 4 N. H. 497; Florence Oil Co. v. Orman, 19 Colo. App. 79, 73 P. 628; Taliaferro v. Brown, 11 Ala. 709. In pleading fraud it is not necessary to attempt a literal recital of the representations relied on; it is sufficient to state them in substance. 27 C. J. 31; Central L. I. Co. v. Taylor, 164 Ky. 844, 176 S. W. 373; Hays Creek Coal Co. v. Eagle Coal Co., 170 Ky. 323, 185 S. W. 1113. Defendant is not a mere surety; the contract involved is an original and not a collateral undertaking. 31 C. J. 419, 420; U. S. Fidelity Co. v. Bank of Hattiesburg, 128 Miss. 605, 91 So. 344; West. Sur. Co. v. Kelley, 27 S. D. 465, 131 N. W. 808; Texas Fidelity Co. v. General Bonding Co. (Tex. Civ. App.) 184 S. W. 238.

Leader & Ullman, of Birmingham, for appellee.

Where the terms are clear and fully ascertained, the contract will be strictly construed for the purpose of confining the damages to the precise terms. Reid v. Stanley, 62 Or. 151, 124 P. 646. There can be no recovery for losses or damages that do not come within the terms of the contract. Wallis v. Carpenter, 110 Mass. 347; Bedford v. Blythe, 74 Miss. 720, 21 So. 919. In suits on ordinary contracts of indemnity, the measure of damages is the loss actually sustained, or the amount actually paid. The indemnitee must minimize his loss. Wicker v. Hoppock, 6 Wall. 94, 18 L. Ed. 752; In re Lathrop (C. C. A.) 216 F. 102; Northern Weld. Co. v. Jordan, 150 Minn. 12, 184 N. W. 39; 15 C. J. 1319. The contract does not extend to losses, damages, or liabilities which are neither expressly within its terms nor of such character as can reasonably be inferred that they were intended to be within the contract. Ridgell v. Dale, 16 Ala. 36; Marshall v. Vicksburg, 15 Wall. 146, 21 L. Ed. 121; Masonic Sav. Bank v. Eschman (Ky.) 37 S. W. 487. The cause of action on an indemnity contract accrues when the liability against which the obligee was to be protected has been fixed and absolute; until such time there can be no recovery against the indemnitor. Central Tr. Co. v. Louisville Tr. Co. (C. C. A.) 100 F. 545; Owens v. Ga. Life Ins. Co., 165 Ky. 507, 177 S. W. 294; Funk v. Church, 132 Iowa, 1, 109 N. W. 286. When the indemnity is against loss or damage, the indemnitee cannot recover until he

has made payment or otherwise suffered actual loss. Taliaferro v. Brown, 11 Ala. 702; Maxey v. Rideout (C. C.) 173 F. 172; Hearn v. Lander, 11 Bush (Ky.) 669; Peterson v. Creason, 47 Or. 69, 81 P. 574. Consequential damages are not recoverable. Copeland v. McAdory, 100 Ala. 553, 13 So. 545. Profits on collateral enterprises are too speculative. Blankenship v. Lanier, 212 Ala. 60, 101 So. 763.

SAYRE, J. [1] Some of the counts of appellant's complaint were in tort, others ex contractu; but this, under the statute, afforded no tenable ground of objection to the complaint, as a whole, since the cause of action alleged in each of the counts arose out of the same subject-matter. Code, § 9467.

[2] The contract, for breach of which the suit is brought, was an original contract of indemnity by which appellee undertook to indemnify appellant, plaintiff, against loss by reason of any liens or incumbrances existing at the time on a certain leasehold estate purchased by appellant from one Rosansky, or by reason of any defect in the title to said leasehold estate which was in existence at the time the parties entered into the contract.

[3, 4] The contract at one place uses the phrase "guarantee the title to said lease," but, in legal effect, it is a contract of indemnity. 31 C. J. 421, 422. This contract should be construed, as contracts in general are construed, to give effect to the intention of the parties, which means that it cannot be extended to losses or damages neither expressly within its terms, nor of such character that it may reasonably be inferred that the parties intended to covenant against them. 31 C. J. 429, 430.

[5] And a declaration as for a breach should clearly show that the contract has been breached. Ridgell v. Dale, 16 Ala. 39. In the present case the complaint should have stated substantially, though with no great particularity, the nature of the liens or incumbrances alleged to have caused loss or damage to the plaintiff. Copeland v. McAdory, 100 Ala. 553, 13 So. 545. Count 1 was deficient in this respect.

[6, 7] Count B was defective in that its allegation of incumbrance on or defect in the title purchased by plaintiff was in the alternative, viz., that Pizitz "owned or claimed to own" a one-fourth interest in the leasehold purchased by plaintiff. Construing the pleading against the pleader, the defect in plaintiff's title was nothing more than that Pizitz claimed to own a one-fourth interest, but a mere idle or unsupported claim did not constitute a lien or incumbrance, within the meaning of the contract of indemnity.

[8] The demurrer to counts 1, 2, C, D, and A-4 was properly sustained for the reason, among others in the case of some of them, that, without alleging that plaintiff had been ousted of possession or that he had otherwise suffered loss or damage by reason of lien, incumbrance, or defect, they sought to recover damages consequential in nature and so remote as not to be recoverable on account of the breaches alleged. Copeland v. McAdory, supra. These counts sought to recover damages because plaintiff lost money which he had paid for his leasehold interest, because payment for the oil issuing from his lease was stopped because he lost a profit at which he would have sold his leasehold, etc. These were consequential damages, not covered by the terms of the contract, and not recoverable in an action thereon. The same may be said of count A-1.

[9, 10] Count A-8 proceeds upon an entirely different theory. It alleges the substance of the agreement in writing and then, irrelevantly as it seems, alleges another agreement, made at the same time and upon consideration that plaintiff would purchase the leasehold, that defendant "would indorse over to and send to the plaintiff all money received in payment of crude oil produced from said lease immediately upon receipt of said checks," that the lease was producing oil which was regularly purchased by the Indian Refining Company, and that defendant failed or refused to indorse or send checks as agreed, but fails to allege that this loss or damage resulted from a. breach of the contract of indemnity. But the count shows a promise upon consideration, a breach, and damage. It thus shows a cause of action different from that alleged in other counts of the complaint—and unrelated, except that it may be inferred that, in some way, it arose out of or in connection with the same transaction—and, for aught alleged against it in the demurrer, the count should have been sustained notwithstanding its allegation of superfluous, and, except in the vague way stated above unrelated facts, viz., the facts connected with the contract in writing. Nor does this count of the complaint disclose the fact, as one ground of .demurrer seems to assert, that the contract alleged therein was so closely connected with the written contract alleged in other counts as to form part and parcel of it and so to exclude parol proof of it and its attendant facts. Bissell Motor Co. v. Johnson, 210 Ala. 38, 97 So. 49.

[11] Counts 3 and A-5 allege—to state their effect in a general way—that defendant by false and fraudulent representations or concealments induced plaintiff to enter into the written contract of indemnity, and that, relying upon the contract, he made certain large expenditures and suffered certain losses other than expenditures necessary to protect himself against the lien, incumbrances, or defects covered by the indemnity contract, viz., loss of purchase money, loss of receipts from crude oil produced by the leasehold property, and, ultimately, loss of his leasehold, all damages consequential in their nature and too remote to be recovered as the

result of a breach of the contract of indemnity. The allegations of fraud did not enlarge the field of recoverable damages, because, in claiming damages for the doing or failing to do the things alleged to have resulted in loss and damage, plaintiff relied upon the written contract of indemnity, the legal effect of the terms of which was to limit his right to recover to such loss and damage as might be caused by a breach of the specific covenant against liens, incumbrances, or defects therein provided against.

[12-14] The court is of the opinion that count A–2 of the complaint sufficiently states a cause of action as for deceit. It is suggested in appellee's brief that as for aught alleged plaintiff's right under the contract was barred by the statute of limitation or had otherwise been lost to plaintiff prior to the filing of the count. But the statute of limitation must be specially pleaded. The defense cannot be made by demurrer in a court of law. Curry v. Southern Railway, 148 Ala. 59, 42 So. 447. As for the other suggestion, facts cannot be assumed in order to sustain a demurrer. Defendant's suggestions should be brought to the attention of the court by pleas.

[15, 16] The considerations stated above as influencing our opinion against counts 3 and A–5 apply in the main to the case made by count X. In that count, however, another idea appears, viz., that defendant and others conspired by false and fraudulent representations to induce plaintiff to purchase the oil lease from Rosansky, to accept the contract of indemnity against liens, incumbrances, or defects, and an additional promise by defendant that bi-monthly checks, of which Rosansky was then in receipt for crude oil being produced by the leasehold property, would thereafter be delivered to plaintiff, that plaintiff, by reason of his failure to receive the checks and the money represented thereby, was unable to meet payments of purchase money falling due from time to time thereafter, whereby he lost that part of the purchase money previously paid, lost money expended in improving the property, and lost the property itself. But the measure of damages for a default in the payment of money—substantially the case alleged in this count—has in general been limited by the amount of the money lost with interest, any other damage being considered remote, speculative, and unrecoverable. The case here alleged differs from that shown in Bixby-Theirson Lumber Co. v. Evans, 167 Ala. 431, 52 So. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47, where larger damages were held to be recoverable for the breach of a promise, on valuable consideration, to lend money to be used for a special and ulterior purpose known to the promisor. We think this count hardly states a case within the rule of Bissell Motor Co. v. Johnson, supra.

For the error pointed out, viz., the rulings on counts A–2 and A–3, the judgment is reversed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.