PARKER, Justice.
Pursuant to Rule 5, Ala. R.App. P., Once Upon a Time, LLC (“OUAT”), appeals by permission the decision of the Jefferson Circuit Court (“the circuit court”) denying OUAT’s motion seeking a summary judgment on the third-party complaint filed against it by Chappelle Properties, LLC (“Chappelle”). We reverse and remand.

Facts and Procedural History

The following undisputed facts are pertinent to our review of this case. On May 5, 2011, Chappelle owned a building located at 2900 18th Street South in Birmingham (“the building”). The building contained at least two commercial retail spaces.
On May 5, 2011, Chappelle and OUAT entered into a commercial lease agreement (“the agreement”), in which Chappelle agreed to lease one of the commercial retail spaces (“the OUAT retail space”) in the building to OUAT. The agreement contained the following indemnity clause (“the indemnity clause”):
“22.1 [OUAT] will indemnify and hold [Chappelle] and [Chappelle’s] *1096 agents free and harmless from all demands, claims and suits or expenses caused by any default committed hereunder on the part of [OUAT]. [OUAT] will further indemnify and save harmless [Chappelle] and [Chappelle’s] agents from any loss, cost, damage and/or expenses caused by injuries to persons or property while in, on or about [the OUAT retail space], not attributable to the willfully wrongful action of [Chap-pelle]. Any property stored in [the OUAT retail space] shall be at the sole risk of [OUAT].”
Deborah Anderson had been working for OUAT as a sales clerk since March 2011. On December 16, 2011, the OUAT retail space was flooded with contaminated water. Subsequently, certain items of OUAT’s inventory were moved from the OUAT retail space to a vacant commercial retail space (“the vacant retail space”) in the building. Chappelle owned the vacant retail space and had not leased the vacant retail space to OUAT as part of the agreement. Although Anderson was not working on the day of the incident, in the days following she counted inventory that had been moved to the vacant retail space.
The proximity of the OUAT retail space to the vacant retail space is pertinent to our review. Within the building, an interi- or hallway separated the OUAT retail space from the vacant retail space. The interior hallway was not directly accessible from the OUAT retail space; instead, to access the interior hallway from the OUAT retail space, a person would have to first access a room adjacent to the OUAT retail space, and then access the interior hallway from that room. No doorway within the building provided direct access from the OUAT retail space to the vacant retail space.
On December 20, 2013, Anderson filed a complaint alleging that she had suffered a bacterial infection caused by her handling the allegedly contaminated OUAT inventory stored in the vacant retail space following the flood of the OUAT retail space. In her complaint, Anderson asserted negligence, negligence per se, gross-negligence, and wantonness claims against Chappelle, Sara Boehme,[1] and other unnamed parties. Subsequently, on July 9, 2014, Chappelle filed a third-party complaint against OUAT, Linda Flaherty, and Matthew Flaherty[2] that sought, among other things, indemnification pursuant to the indemnity clause in the agreement.
On January 16, 2015, OUAT filed a summary-judgment motion on Chappelle’s July 9, 2014, third-party complaint. OUAT alleged that the indemnity clause in the agreement did not cover the claims asserted by Anderson in her complaint. On April 13, 2015, Chappelle filed a response to OUAT’s summary-judgment motion. On May 11, 2015, the circuit court denied OUAT’s summary-judgment motion.
On May 14, 2015, OUAT filed a motion styled “Third-Party Defendant Once Upon A Time, LLC’s Motion to Reconsider Or, in the Alternative, Motion for- Certification For Interlocutory Appeal.” On June 8, 2015, the circuit court held a hearing on OUAT’s May 14, 2015, motion. On June 23, 2015, the circuit court certified for permissive appeal under Rule 5, Ala. R.App. P., its interlocutory order denying OUAT’s summary-judgment motion, identifying the following as the controlling question of law:
*1097 “Whether the expression, ‘in, on or about [the OUAT retail space]’ as used in the [indemnity clause], should be interpreted to extend beyond the four walls of [the OUAT retail space] to include incidents occurring in [the vacant retail space].”
On June 29, 2015, pursuant to Rule 5, OUAT filed a petition for permission to appeal the circuit court’s order denying OUAT’s summary-judgment motion in this Court, which this Court granted.

Discussion

In conducting our de novo review of the question of law presented on a permissive appeal, “this Court will not expand its review ... beyond the question of law stated by the trial court. Any such expansion would usurp the responsibility entrusted to the trial court by Rule 5(a)[, Ala. R.App. P.].” BE&K, Inc. v. Baker, 875 So.2d 1185, 1189 (Ala.2003). Therefore, the only issue before this Court is the issue presented by the question of law identified by the circuit court in its Rule 5 certification.
The sole issue before this Court is the construction of the phrase “in, on or about [the OUAT retail space]” that appears in the indemnity clause. When construing an indemnity agreement, this Court has applied general rules of contract interpretation. See, e.g., Holcim (US), Inc. v. Ohio Cas. Ins. Co., 38 So.3d 722, 728 (Ala.2009); Doster Constr. Co. v. Marathon Elec. Contractors, Inc., 32 So.3d 1277, 1283 (Ala.2009); Extermitech, Inc. v. Glasscock, Inc., 951 So.2d 689, 695 (Ala. 2006); and Pyle v. Pizitz, 215 Ala. 398, 401, 110 So. 822, 824 (1926).
“Under general Alabama rules of contract interpretation, the intent of the contracting parties is discerned from the whole of the contract. Where there is no indication that the terms of the contract are used in a special or technical sense, they will be given their ordinary, plain, and natural meaning. If the court determines that the terms are unambiguous (susceptible of only one reasonable meaning), then the court will presume that the parties intended what they stated and will enforce the contract as written. On the other hand, if the court determines that the terms are ambiguous (susceptible of more than one reasonable meaning), then the court must use established rules of contract construction to resolve the ambiguity. See [Voyager Life Ins. Co. v.] Whitson, 703 So.2d [944,] 948 [ (Ala.1997) ]. Under those established rules of contract construction, where there is a choice between a valid construction and an invalid construction the court has a duty to accept the construction that will uphold, rather than destroy, the contract and that will give effect and meaning to all of its terms. See id. at 948-49; Sullivan, Long & Hagerty v. Southern Elec. Generating Co., 667 So.2d 722, 725 (Ala. 1995).”
Homes of Legend, Inc. v. McCollough, 776 So.2d 741, 746 (Ala.2000)(some citations omitted). Furthermore, as we noted in Pyle, an indemnity agreement “cannot be extended to losses or damages neither expressly within its terms, nor of such character that it may reasonably be inferred that the parties intended to covenant against them.” 215 Ala. at 401, 110 So. at 824; see also Doster Constr. Co., 32 So.3d at 1283 (Murdock, J., concurring in part and dissenting in part (quoting Pyle, supra)); Walker v. Bailey, 686 So.2d 304, 307 (Ala.Civ.App.1996)(quoting Pyle, supra).
The part of the indemnity clause the circuit court has asked this Court to construe is the phrase: “in, on or about the [the OUAT retail space].” That phrase is not defined in the agreement. *1098 “[W]here questions arise as to the meaning of an undefined word or phrase, the court should simply give the undefined word or phrase the same meaning that a person of ordinary intelligence would give it. Carpet Installation & Supplies of Glenco v. Alfa Mut. Ins. Co., 628 So.2d 560 (Ala.1993).” Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co., 817 So.2d 687, 692 (Ala.2001). Furthermore, “ ‘[p]arties to a contract will not be imputed with using language that is meaningless or without effect.’” Black Warrior Minerals, Inc. v. Fay, 82 So.3d 650, 653 (Ala.2011)(quoting Black Diamond Dev., Inc. v. Thompson, 979 So.2d 47, 51 (Ala.2007)). Accordingly, in determining whether the phrase “in, on or about [the OUAT retail space]” extends coverage under the indemnity clause to incidents occurring beyond the four walls of the OUAT retail space to the vacant retail space, we must give the words “in,” “on,” and “about” their plain, ordinary, and natural meaning.
“In” has been defined, in part, as “contained or enclosed by, inside; within; as, in the room, in the envelope.” Webster’s New Universal Unabridged Dictionary 918 (2d ed.1983). “On” has been defined, in part, as:
“1. upon; in a position above, but in contact with, as the surface or upper part of a thing, and supported by; placed or lying in contact with; as, my book is on the table; the table stands on the floor; the house rests on its foundation .... 5. at or near; by; indicating situation, place, or position; as, a ship is on the coast; on each side stands an armed man.”
Webster’s New Universal Unabridged Dictionary 1249. “About” has been defined, in part, as: “1. around, on the exterior part or surface of; as, a girdle about the waist. 2. Near to in place, with the sense of circularity; close to; as, enemies about him on every hand .... 7. around, referring to compass or circumference; as, two yards about the stern.” Webster’s New Universal Unabridged Dictionary 5.
Pursuant to McCollough, supra, the question then becomes whether the ordinary, plain, and natural meaning of the words “in,” “on,” or “about,” as used in the indemnity clause, is ambiguous. “A term in a contract is ambiguous only if, when given the context, the term can reasonably be open to different interpretations by people of ordinary intelligence. See Safeway Insurance Co. [of Alabama v. Herrera, 912 So.2d 1140 (Ala.2005) ].” Lambert v. Coregis Ins. Co., 950 So.2d 1156, 1162 (Ala.2006) (emphasis added). In the present case, the circuit court has asked this Court whether the phrase “ ‘in, on or about [the OUAT retail space]’ as used in the [indemnity clause] should be interpreted to extend beyond the four walls of [the OUAT retail space] to include incidents occurring in [the vacant retail space].” (Emphasis added.) Given that context, the terms “in,” “on,” and “about” are not ambiguous.[3]
*1099 As used in the indemnity clause, no ordinary, plain, and natural meaning of “in, on or about,” set out above, could be construed as encompassing injuries occurring within the vacant retail space. The OUAT retail space is separated from the vacant retail space by an interior hallway. The vacant retail space is not directly accessible from the OUAT retail space, and the vacant retail space constitutes a separate, commercial retail space that OUAT does not and has not leased. Thus, under the facts of this case, to construe the meaning of “in, on or about” to encompass incidents arising within an entirely different premises than the leased premises would not be to give that phrase or its terms “the same meaning that a person of ordinary intelligence would give it.”[4] Twin City Fire Ins. Co., 817 So.2d at 692.
Furthermore, as we noted in Pyle, an indemnity agreement “cannot be extended to losses or damages neither expressly within its terms, nor of such character that it may reasonably be inferred that the parties intended to covenant against them.” 215 Ala. at 401, 110 So. at 824. This Court has stated that “ ‘[t]he true rule of interpretation of contracts is to make them speak the intention of the parties as at the time they were made.’” Russell v. Garrett, 208 Ala. 92, 95, 93 So. 711, 713 (1922)(quoting Mobile Cty. v. Linch, 198 Ala. 57, 60, 73 So. 423, 425 (1916)(emphasis added)); see also Cassels’ Mills v. Strater Bros. Grain Co., 166 Ala. 274, 283, 51 So. 969, 972 (1909).
In the present case, no definition of the phrase “in, on or about” would permit a reasonable inference that, at the time the agreement was signed, OUAT intended to indemnify Chappelle for injuries to persons or damage to property located in the vacant retail space. Although OUAT subsequently gained access to the vacant retail space to store its inventory temporarily, that fact is not relevant to answering the circuit court’s question concerning the construction of the words in the indemnity clause, which, as noted above, is the sole question before us.
“In the absence of fraud, or duress, the contract into which the parties may have entered, so far as it is not violative of law, must be enforced, according to their intentions, and its legal effect at the time it was made, though, in the presence of subsequent events, it is onerous and oppressive upon either, or either is, without the fault of the other, disappointed in realizing the benefits expected to result from it. The obligation of contracts can not be varied and moulded by courts, to meet the exigencies of subsequent events, or tempered to the pressure of the necessities of the parties.”
Mobile Bldg. & Loan Ass’n v. Robertson, 65 Ala. 382, 386 (1880).

Conclusion

Based on the foregoing, we answer the circuit court’s certified question in the negative; The phrase “in, on or about [the OUAT retail space]” as used in the indem *1100 nity clause should not be interpreted to include incidents occurring in the vacant retail space. Accordingly, the circuit court’s order denying OUAT’s summary-judgment motion is reversed, and this case is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
STUART, BOLIN, MAIN, and WISE, JJ., concur.
MURDOCK, SHAW, and BRYAN, JJ., dissent.

. At the time of the complaint, Sara Boehme managed the commercial retail space on behalf of Chappelle.

. At the time of the third-party complaint, Linda Flaherty and Matthew Flaherty were the principal owners of OUAT.

. In his dissent, Justice Murdock states that this Court has invaded the province of the jury by engaging in fact-finding to reach our conclusion, Justice Murdock believes that “the present case entails resolution of á contractual ambiguity by resort to parol facts and circumstances.” 209 So.3d at 1106 (Murdock, J., dissenting). We disagree with Justice Murdock's assessment of this case. The question certified by the circuit court is whether the phrase " ‘in, on or about [the OUAT retail space]’ as used in the [indemnity clause] should be interpreted to extend beyond the four walls of [the OUAT retail space] to include incidents occurring in [the vacant retail space].” (Emphasis added.) The question before this Court is whether the indemnity clause should be interpreted to extend coverage into an entirely separate retail space; we need not rely upon "parol facts” in answering this legal question certified by the circuit court,

. In his dissent, Justice Murdock suggests that we have interpreted the phrase “in, on or about” in such a way that would limit the indemnity. clause from applying to incidents occurring outside .of the four walls of the OUAT retail space. That is not the case; we recognize that the indemnity clause may extend to include incidents occurring “about” the OUAT retail space. However, the question certified by the circuit court was not whether the indemnity clause should be interpreted to include incidents occurring simply outside the four walls of the OUAT retail space. Instead, the circuit court asked whether the indemnity clause "should be interpreted to extend beyond the four walls of [the OUAT retail space] to include incidents occurring in [the vacant retail space].” (Emphasis added.)