18163

MOTORS INSURANCE CORPORATION, Respondent, v. SURETY INSURANCE COMPANY, Appellant. MOTORS INSURANCE CORPORATION, Respondent, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.

(134 S. E. (2d) 631)

*Messrs. McDonald & Cox,* of Greenville, and *Marchant & Bristow,* of Columbia, *for Appellant, Surety Insurance Company,* and *Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant, Nationwide Mutual Insurance*

*Company,*

*Messrs. Cooper, Gary, Nexsen & Pruet,* of Columbia, .and *Kerr & Smith,* of Spartanburg, *for Respondent,*

*Messrs. McDonald & Cox,* of Greenville, and *Marchant & Bristow,* of Columbia, *for Appellant, Surety Insurance Company,* and *Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant, Nationwide Mutual Insurance Company,* in Reply,

February 5, 1964.

BRAILSFORD, Justice.

The Uninsured Motorist Act (Sec. 46-750.14, Code of Laws 1962) requires that automobile liability insurance policies issued or delivered in this State contain an endorsement obligating the company to pay to the insured, within certain limits, such sums as he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. These two appeals involve only one issue; whether a collision insurance carrier, which has paid a loss caused by the actionable negligence of the operator of an uninsured vehicle, is subrogated to the rights of its insured to uninsured motorist coverage. The issue was resolved in favor of subrogation in the courts below and the liability carriers have appealed. We shall refer to them as appellant and to the collision carrier as respondent.

Subrogation is an equitable right and is available only where the equities of the party asserting it are superior to those of the party against whom it is claimed. 83 C. J. S., Subrogation, § 2. Its purpose is to require the ultimate discharge of a debt by the person

who in equity and good conscience ought to pay it. *Calvert Fire Insurance Company v. James,* 236 S. C. 431, 114 S. E. (2d) 832, 92 A. L. R. 97, and cited authorities. An action by an insurer who has paid a covered loss against a person whose tortious conduct caused the injury presents a clear case for subrogation. *Calvert Fire Insurance Company v. James, supra,* 236 S. C. 431, 114 S. E. (2d) 832. On the other hand, an insurer, on payment of a covered loss, has no right of recovery against a third person merely upon proof that the insured could have recovered from such person. *W. Wesley Singletary & Son, Inc., v. Lake City State Bank,* S. C., 133 S. E. (2d) 118. As has been stated, the equities of the party claiming subrogation must be superior to those of the party against whom the right is asserted, else there can be no recovery.

The uninsured motorist endorsement adopted by appellant and other liability insurers, with the approval of the South Carolina Insurance Commission, undertook to exclude damage to property covered by other insurance. Much of the argument is directed to whether such exclusion is void as an attempt to limit required statutory coverage. However, the rights of the insured are not involved and this question is moot unless respondent is otherwise entitled to subrogation under applicable equitable principles.

Respondent is voluntarily engaged in the business of writing collision insurance on automobiles, for which it receives compensation by the collection of premiums from its policyholders. A covered loss occurred and respondent has discharged its contractual obligation by payment of its insured. Having paid what it contracted to pay and retaining the benefits of its contract, it now seeks indemnity from another insurance company which did not cause or contribute to the loss and with which it has no privity of contract.

Appellant, from whom respondent seeks indemnity, is engaged in writing automobile liability insurance. It is required by law to provide its insureds with prescribed unin-

sured motorist protection, for which it is not permitted to charge a premium. However, it is entitled to participate in the annual distribution of an uninsured motorists fund (Sec. 46-136, 46-138.2—46-138.5) which, quoting from respondent's brief, "has provided a method for recoupment by said insurers of some or all of the losses they sustain by the writing of uninsured motorist coverage." The statute provides that distribution of the fund among insurance companies shall be in proportion to the number of uninsured motorist endorsements issued by each and limits the total amount to be distributed for any year to "the aggregate amount of loss experienced by such companies." Thus, liability insurers, as a condition of doing business in this State, are required to provide uninsured motorist coverage to their policyholders, with no expectation of profit therefrom.

The purpose of the Act was to relieve insured motorists, within specified limits, of the risk of injury from the tortious conduct of financially irresponsible, uninsured motorists. *Marie Laird, etc. v. Nationwide Insurance Company,* S. C., 134 S. E. (2d) 206; *Drewry v. State Farm Mutual Automobile Insurance Company,* 204 Va. 231, 129 S. E. (2d) 681. Nothing in the terms of the Act indicates an intention to relieve other insurers of primary responsibility for their own contractual obligations or to benefit them in any way.

We find no basis for concluding that respondent is entitled to be indemnified by appellant, either under the terms of the Act or on equitable principles. *Compare Horne v. Superior Life Insurance Company,* 203 Va. 282, 123 S. E. (2d) 401.

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.