252 So.2d 619

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

### v.

### Patrick P. CAHOON.

**1 Div. 646.**

Supreme Court of Alabama.

May 13, 1971.

Richard W. Vollmer, Jr., and Geary A. Gaston, Mobile, for appellant.

464

Caffey, Gallalee & Edington, Mobile, for appellee.

HARWOOD, Justice.

Patrick P. Cahoon was an employee of the White Swan Linen Rental. While driving a truck in the course of his employment, Cahoon was involved in a collision with an automobile driven by an uninsured motorist, one Norman Patrick.

Cahoon thereafter filed a suit against State Farm Mutual Automobile Insurance Company claiming the sum of $10,000 allegedly due under a policy issued to Cahoon by State Farm on his personal automobile. This policy provided coverage to the extent of $10,000 for damages or bodily injury caused by an uninsured motorist.

The hearing was before the court and after the hearing the court entered a judgment in favor of the plaintiff and assessed damages at $12,270. Of this amount $2,270 represents interest.

The case was presented to the court on a stipulation of facts and the testimony of

Cahoon. Cahoon's testimony was directed toward the circumstances of the collision, the nature of his injuries, hospitalization, and medical treatments. Cahoon's injuries were serious and grievous. At the conclusion of Cahoon's testimony, it was stated for the record that his testimony was intended only to supplement the stipulation, and not to contradict or change it.

In parts pertinent to this review the stipulation was to the effect that Cahoon's policy covering his personal automobile was in effect on the date of the accident and that such policy contained an uninsured motorist provision as mentioned above, and it was further stipulated:

1. That Cahoon's injuries were caused through the negligence of the uninsured motorist Patrick, and for the basis of the stipulation only, it was agreed that Cahoon's damages were $33,800;

2. That White Swan Linen Rental provided coverage to Cahoon under the Alabama Workmen's Compensation Act, and that as of 11 May 1970, Cahoon has been paid $7,600 compensation, and $2,400 medical expenses by White Swan's workmen's compensation insurance carrier, and will receive by future compensation payments a total of at least $10,000, but not more than $11,400, not including the medical benefit payments;

3. That the truck operated by Cahoon at the time of the collision and owned by White Swan was an insured vehicle under a policy carried by White Swan with the American Mutual Liability Insurance Company, which policy contained uninsured motorist coverage to the extent of $10,000. Such truck was not owned by Cahoon, and was not insured by State Farm;

4. That as of the date of trial Cahoon has not filed suit against American Mutual Liability Insurance Company under the uninsured motorist provision in American Mutual's policy, and no monies have been paid him by American Mutual;

5. That if the Workmen's Compensation provisions in the State Farm and American Mutual policies (to be referred to) are held by the court not to preclude Cahoon's recovery under the uninsured motorist provisions of either policy, then Cahoon could recover $10,000 from American Mutual under the uninsured motorist provision in that policy, although a law suit would be necessary to accomplish such result.

Therefore the parties agreed that except for the necessity of a law suit, and subject to a holding by the court that the Workmen's Compensation provisions do not preclude Cahoon's recovery, the $10,000 uninsured motorist coverage contained in American Mutual's policy was "available" to the plaintiff as such term is used in the uninsured motorist coverage provisions of State Farm's policy. It was further stipulated, however, that Cahoon did not admit that the Workmen's Compensation, or other provisions, in either policy, are valid and effective.

■ Appellant's assignments of error 4 and 8 respectively assert error on the part of the court in sustaining the plaintiff's (appellee's) demurrers to pleas 5 and 9 respectively. These pleas are substantially of the same tenor, and set up as a defense the "excess escape clause" and "other insurance provisions" set forth in that portion of State Farm's policy which reads as follows:

"OTHER INSURANCE. With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance."

Pending the submission of this case on the call of the First Division, this court

rendered its decision in Safeco Insurance Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736. Therein we considered the validity of a provision of virtually the same import as that set out above. We held that under our Uninsured Motorist Act (Act No. 866, Acts of Alabama 1965, Vol. 2, p. 1614, found in 1958 Recompilation as Title 36, Section 74 (62a)), an insurer cannot avoid the liability imposed by our Uninsured Motorist Act by inserting into a policy a liability limiting clause restricting an insured from recovering actual damages suffered, within the limits of a policy, where premiums have been paid for such uninsured motorist coverage, even though an insured has other similar insurance available to him.

The *Safeco* opinion was written by Justice Merrill. It contains a full and thorough discussion of the point involved in assignments 4 and 8, and an extensive discussion of authorities from other jurisdictions.

We see no need to reiterate what was written in *Safeco* other than to observe that the contention of the appellant was not accepted, but a contrary conclusion was reached. We do wish, however, to call attention to the following statement in *Safeco*:

> "We hold that our statute sets the minimum amount for recovery, but it does not place a limit on the total amount of recovery so long as that amount does not exceed the amount of actual loss; that where the loss exceeds the limit of one policy, the insured may proceed under other available policies; and that where the premiums have been paid for uninsured motorist coverage, we cannot permit an insurer to avoid its statutorily imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving that coverage for which the premium has been paid."

Assignments of error 4 and 8, we deem to be without merit.

Assignments 5 and 9 relate to the action of the court in sustaining plaintiff's demurrers to pleas 6 and 10 respectively.

These pleas set up as a defense the specific pro rata part of the "other insurance" provision in the State Farm policy, which part reads:

> "Subject to the foregoing paragraph, if the insured has other similar insurance available to him against a loss covered by this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limits of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance."

We can see no basis of distinction between the effect of this clause and the "excess-escape" clause held invalid in *Safeco*. The effect of giving recognition to either clause would be to avoid or reduce State Farm's statutory liability imposed by our Uninsured Motorist Act for coverage for which premiums have been paid and damages suffered. We hold assignments of error 5 and 9 to be without merit.

Assignments of error 3 and 7 assert error in the court's action in sustaining plaintiff's demurrers to pleas 4 and 8 respectively. These pleas assert that Cahoon's benefits under the Workmen's Compensation Law will be equal to or exceed the $10,000 claimed by him in this suit, and as a result Cahoon ought not to recover in this suit because of the Insuring Agreement clause III, which is the uninsured motorist coverage, which clause provides:

> "(c) Any loss payable under the terms of this coverage to or for any person shall be reduced by:
>
> (1) the amount paid and the present value of all amounts payable to him un-

der any workmen's compensation law, exclusive of non-occupational disability benefits; * * *."

State Farm, by pleas 4 and 8, is seeking to have its liability reduced or set off by any benefits paid Cahoon as workmen's compensation. Assuming Cahoon receives the full $11,400 workmen's compensation benefits, plus the $2,400 medical benefits, and the $10,000 "available" under American Mutual's policy, the total of all these sums would be $23,800, some $10,000 less than Cahoon's stipulated damages of $33,800.

Thus if pleas 4 and 8 be considered valid, State Farm would owe Cahoon nothing under its policy even though the policy contained a provision insuring Cahoon to the extent of $10,000 for damages inflicted by an uninsured motorist, and for which coverage Cahoon has paid premiums and has suffered the full amount of such damages.

While this court has not considered specifically provisions to the effect that any loss payable under an uninsured motorist provision shall be reduced by an amount paid under any workmen's compensation law, such provisions have been before the courts of our sister states. We copy the following as illustrative of the views of two of the jurisdictions considering the question.

In Stephens v. Allied Mutual Insurance Company, 182 Neb. 562, 156 N.W.2d 133, the governing rule was stated as follows:

"The general rule is that an insurer may not limit its liability under the uninsured motorist coverage by set offs or limitations through 'other insurance,' excess insurance, or medical payment reduction clauses, and this is true even when the set off for a reduction is claimed with respect to a separate, independent, policy of insurance (workmen's compensation) or other insured motorist coverage * * *."

The Florida Supreme Court in Southeast Title Ins. Co. v. Austin (Fla.), 202 So.2d 179, considered a claim by the insurer to set off the amount of a workmen's compensation award received by an insured in connection with the same accident out of which arose the insurer's liability under an uninsured motorist provision in insurer's policy. The policy also contained a provision that "any loss payable * * * shall be reduced by the amount paid * * * under any workmen's compensation law." In holding such set off impermissible, the Florida Supreme Court wrote:

"To the extent, therefore, that the appellant's policy purports to reduce liability for any loss within the statutory minimum required coverage, it is ineffective and there did not come into existence any contractual obligation subject to impairment. The legislative prescription of a minimum 'coverage' obviously contemplates an *effective* coverage for losses up to the specified amount, the express statutory intent being to provide that protection to exactly the same extent that a policyholder is 'legally entitled to recover damages' from a third party uninsured owner, no more, no less. The provision for setoffs, or for a showing of unreimbursed loss rather than legal damages within the minimum amount, is in our opinion in conflict with both express and implied requirements of the law."

To like effect see also Standard Accident Ins. Co. v. Gavin (Fla.App.), 184 So.2d 229, cert. dismissed with an opinion by Florida Supreme Court, 196 So.2d 440; Peterson v. State Farm, 238 Or. 106, 393 Pac.2d 651; Michigan Mutual Liability Co. v. Mesner 2 Mich.App. 350, 139 N.W.2d 913.

Even without the doctrines of the cases cited above, it would appear that the provision now being considered was well within the influence of the enunciations in

*Safeco,* and that such enunciations would have compelled a conclusion in harmony with the results reached in such cited cases.

■ Assignments of error 6 and 10 assert error on the part of the court in sustaining the plaintiff's demurrer to pleas 7 and 11 respectively.

covery by Cahoon on his State Farm policy covery by Cahoon on his State Farm policy would inure indirectly to the benefit of the workmen's compensation carrier of White Swan, and therefore contrary to the Exclusion-Insuring provision of the policy which reads:

"Insuring Agreement III does not apply:

(b) so as to inure directly or indirectly to the .benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law."

Counsel for State Farm argue that our Workmen's Compensation Law, particularly that part which for convenience will be cited as Sec. 312, Tit. 26, Code of Alabama 1940 (pocket part), supports their contentions under these assignments of error. This section, in parts pertinent to this review, reads:

"When the injury or death for which compensation is payable * * * was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer * * * the employee * * * may proceed against the employer to recover compensation * * * and at the same time may bring an action against such other party to recover damages for such injury or death. * * * If the injured employee, * * * recover damages against such other party the amount of such damages so recovered and collected shall be credited upon the liability of the employer for compensation, * * * and the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of such injury or death. * * *"

■ The statutory right of subrogation created by the above provision is in favor of the employer when compensation is due an injured employee, and the injury is caused to the employee under circumstances also creating a legal liability for damages on the part of any party other than the employer.

■ The only action for recovery of damages for personal injuries proximately resulting from the negligence of a party other than the employer is an action on the case. In such action the basis of the liability of any party other than the employer rests in tort for negligently injuring the workman. Metropolitan Casualty Ins. Co. of New York v. Sloss-Sheffield Steel & Iron Co., 241 Ala. 545, 3 So.2d 306, and cases cited therein.

Thus, if Cahoon could recover anything from the uninsured motorist, Patrick, it would be on a tort basis because of Patrick's negligence.

The present judgment was rendered in a suit by Cahoon in an action in contract based on the insurance contract entered into between Cahoon and State Farm.

In Horne v. Superior Life Ins. Co., 203 Va. 282, 123 S.E.2d 401, the Virginia court was considering a question which in all material respects was highly similar to the one we now are. considering. That court disposed of the question by concluding in effect that subrogation of the employer is against the person who was driving the other car, but not against the employee's insurance company, since the insurance company's liability arises from contract.

To the same effect are the conclusions reached in Motors Ins. Corp. v. Surety Ins. Co., 243 S.C. 487, 134 S.E.2d 631; Lumber-

mens Mutual Casualty Co. v. Harleysville Mutual Casualty Co., 4 Cir., 367 F.2d 250; and Southeast Furniture Co. v. Barrett, 24 Utah 2d 24, 465 P.2d 346.

In the last case just cited, the Utah Supreme Court refused to permit the subrogation provision in that state's Workmen's Compensation Act, Sec. 35–1–62, U.C.A. 1953, to cause a diminution of uninsured motorist coverage, and set forth its conclusion in this regard as follows:

> "We think that under the language of 35–1–62, U.C.A., 1953 (footnote 2, supra), a breadwinner has the right to supplement any benefits to which he may be entitled under the workmen's compensation act, by procuring and paying whatever premium he can squeeze out of his budget for an independent policy with an independent carrier in as large an amount as he can afford, without giving up any workmen's compensation benefits."

In argument in support of assignments 6 and 10, counsel for appellants have cited and relied upon two cases, Hackman v. American Mutual Liability Ins. Co., 110 N.H. 87, 261 A.2d 433, and Ullman v. Wolverine Ins. Co., 105 Ill.App.2d 408, 244 N.E.2d 827.

Both New Hampshire and Illinois are among those jurisdictions construing their uninsured motorists statutes as limiting recovery to the statutory limit provided in their uninsured motorists statutes. (See *Safeco*.) We therefore consider these two cases inapposite. This for the reason that in *Safeco* such limitation on recovery was repudiated, and the opinion of the Court of Civil Appeals which had adopted such view was reversed.

The judgment of the lower court is due to be affirmed, and it is so ordered.

Affirmed.

HEFLIN, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.