Petitioner State Farm Mutual Automobile Insurance Company seeks a writ of mandamus directing Judge Kenneth F. Ingram, as Circuit Judge of Clay County, to grant its motion to disqualify plaintiff's counsel in Durwood L. Holt v. State Farm MutualAuto. Ins. Co., a suit pending before Judge Ingram. Holt is suing for bad faith failure to pay a claim under his uninsured motorist coverage with State Farm. State Farm argues that because Holt's attorneys or their partners have represented State Farm on numerous occasions in actions relating to motor vehicle insurance, there is a substantial relationship between this action and the attorneys' previous representation of State Farm. State Farm further argues that this substantial relationship is grounds for disqualification under the standards set forth in Ex parte Taylor Coal Co., 401 So.2d 1
(Ala. 1981).
Judge Ingram denied the motion after a hearing. State Farm has not attempted to include a transcript of that hearing in support of its petition for mandamus. The only exhibits to its petition by which it seeks to show the alleged substantial relationship are the complaint and an amendment thereto, the motion to disqualify, a brief in support of the motion, and an affidavit in support of the motion, with exhibits. The exhibits to the affidavit are two State Farm publications entitled "Welcome Key Attorneys," dated December 6, 1963, and September 25, 1970, and relating to programs or seminars given by State Farm on those dates.
In Ex parte Taylor Coal Co., supra, this Court adopted the "substantial relationship" test for determining whether an attorney's prior representation of a client is grounds for his disqualification from representing a party against the former client. If the former client wishes to have the attorney disqualified, he need show only that the matters or the causes of action involved in the pending action are substantially related to the matters or causes of action of the prior representation. This test is distinguished in Ex parte TaylorCoal Co. from the confidential relationship test whereby an objecting party would have to show the actual confidences conveyed to the attorney.
This Court in Ex parte Taylor Coal Co. emphasized that in adopting the substantial relationship test it was "adopting the majority view and that of the Fifth Circuit Court of Appeals." 401 So.2d at 7. Part of that test, as set out in Duncan v.Merrill Lynch, Pierce, Fenner Smith, Inc., 646 F.2d 1020 (5th Cir. 1981) (decided prior to the creation of the 11th Circuit), is that "the party seeking disqualification of his former counsel must bear the burden of proving that the present and prior representations are substantially related." 646 F.2d at 1028. The same burden should apply in the courts of this State.
We also agree with the former Fifth Circuit that, in meeting that burden, a party must set out specifics of the prior representation and show how they are substantially related to the pending case.
 "Only when the moving party delineates with specificity the subject matters, issues, and causes of action presented in former representation can the district court determine if the substantial relationship test has been met. Merely pointing to a superficial resemblance between the present and prior *Page 576 
representations will not substitute for the careful comparison demanded by our cases."
Id., at 1029. While we do not hold that the specificity required in a Federal district court is necessarily coextensive with that to be required in the trial courts of this State, it is clear that State Farm has not met its burden in this case.
Holt's complaint alleges fraudulent misrepresentations by State Farm as to the extent of its liability under his two policies of uninsured motorist coverage with State Farm. The complaint cites State Farm Mutual Auto. Ins. Co. v. Cahoon,287 Ala. 462, 252 So.2d 619 (1971), and other cases, in support of its claims of fraud and suppression of material facts.
The motion to disqualify merely states that Holt's attorneys or their partners "have represented the defendant State Farm in the past; the firm of Radney Morris represented the defendant at the time this suit was filed"; the Radney firm handled some 31 cases for State Farm between 1970 and 1983; and the "Key Attorney" program to which Mr. Radney was invited in 1970 included a lecture on "excess coverage," allegedly including "stacking of uninsured motorist benefits." The brief in support of the motion added that the cases handled by the attorneys were automobile accident cases and "both Mr. Dillon and Mr. Radney handled all aspects of litigation, including in some
cases settlement negotiations, which may have involved disputes over medical pay and uninsured motorist provisions." (Emphasis added.)
State Farm included the affidavit of Carney H. Dobbs, its divisional claims superintendent. He stated that the records maintained by State Farm showed that Mr. Radney had represented State Farm on at least 43 cases between 1970 and 1983. This included two cases each in 1980 and 1983, and one case each in 1981 and 1982. The affidavit stated that Mr. Dillon attended the "Key Attorney" program in 1963 and that Mr. Radney wasinvited to the program in 1970. Dobbs stated that the program in 1970 included comments "concerning the unsettled situation in the courts around the country relative to `stacking' uninsured motorist coverage." This is not apparent from the face of the invitation, nor is there any indication that Mr. Radney attended the program.
The attorneys against whom State Farm filed its motion represented State Farm only on a sporadic basis, and more in the earlier years of the period set out than in the later years. They were never on retainer to State Farm. State Farm did not allege any written contracts regarding the representation. The designation as "Key Attorneys" was made by State Farm, with no indication that the attorneys asked for or acknowledged it.
These attorneys practice in Tallapoosa County and stated in oral argument that only approximately twenty-two lawyers practice there, a figure which comports with this Court's judicial knowledge of the Bar. Holt filed his complaint in neighboring Clay County, which has even fewer attorneys. This Court in Ex parte Taylor Coal Co. noted the small number of attorneys in the challenged attorney's county in stating, "[W]e must, of necessity, balance the weighty considerations of [the Canons of the Code of Professional Responsibility, infra]
against the need of the public to obtain counsel of its choosing." 401 So.2d at 9.
State Farm's general statements that Mr. Dillon and the firm in which Mr. Morris is now a partner had handled a number of automobile accident cases are far less specific than the assertions found to be insufficient in Duncan v. Merrill Lynch,supra. In that case, Merrill Lynch named ten cases in which Duncan's attorneys had represented it in relation to margin accounts, but the Fifth Circuit found it had not met its burden of proving a substantial relationship.
The only one of these allegations that begins to satisfy the test for disqualification is the indication that the firm of Radney Morris was representing State Farm at the time Mr. Dillon and Mr. Morris filed the present suit. The copy of the *Page 577 
complaint which is included as an exhibit to the petition for writ of mandamus does not bear a filing date; the amendment to the complaint was filed on April 15, 1983. DR 5-105 of the Code of Professional Responsibility, 293 Ala. LXV, prohibits an attorney from representing two clients if doing so "would be likely to involve him in representing differing interests."
Dobbs's affidavit merely states that one case in 1982 and two cases in 1983 "were closed by the Radney firm." This does not show that the firm was actively representing State Farm at the time this suit was filed. State Farm did not file its motion to disqualify until June 20, 1984, and there is no allegation that the firm of Radney Morris was representing State Farm at that time.
For the foregoing reasons, we find that the trial court was correct in denying State Farm's motion to disqualify Holt's attorneys. We therefore deny State Farm's petition for writ of mandamus.
WRIT DENIED.
All the Justices concur except TORBERT, C.J., who recuses.