INGRAM, Presiding Judge.
In January 1989, Karen Rush hired Daniel King and Robert King of King & King, Attorneys, P.C., to represent her in a domestic relations case pending in the Circuit Court of Marshall County. The case had been previously filed in 1987 by other attorneys, and the trial court had already entered an order granting the divorce, leaving the issues of child custody, child support, alimony, and property distribution to be decided. In March 1989, Edward Rush, the husband, filed a motion to require the Kings to withdraw, alleging a conflict of interest. After hearing testimony, the trial court ordered the Kings disqualified.
The Kings seek a writ of mandamus from this court to compel the trial court to render an order dissolving its order of disqualification.
Ordinarily, mandamus would not be the proper vehicle in which to proceed with a question of disqualification. Our supreme court, however, has carved out an exception concerning disqualification due to the urgency of the matter and because no other adequate remedy is available. Ex parte Taylor Coal Co., 401 So.2d 1 (Ala. 1981). In reviewing this matter, we are aware of the axiom that mandamus is an extraordinary remedy which should be granted only when there is a clear showing that the court below abused its discretion and exercised it in an arbitrary or capricious manner. Ex parte Thompson, 474 So.2d 1091 (Ala.1985).
In Ex parte Taylor Coal Co., 401 So.2d 1 (Ala.1981), our supreme court adopted the “substantial relationship” test for determining whether an attorney’s pri- or representation of a client is grounds for his disqualification from representing a party against the former client. If the former client wishes to have the attorney disqualified, he must show that the matters involved in the pending action are substantially related to the matters of the prior representation. In meeting this burden, the prior client must set out specifics of the prior representation and show how they are substantially related to the pending case. Ex parte State Farm Mutual Auto. Ins. Co., 469 So.2d 574 (Ala.1985).
As is the situation in the majority of disqualification cases, the facts relevant to the prior litigation are in large part undisputed.
The record shows that, in April 1979, Robert King filed a claim on behalf of Edward Rush against the estate of Edward Rush’s deceased partner for money that Edward Rush claimed his deceased partner owed him. In August 1979, the trial court entered an order dismissing the claim.
The record further reflects that Robert King represented Chris Rush (Edward Rush’s father), d/b/a Rush Building Company, in a prior civil action. The facts relevant to that action are as follows: Chris Rush and Doctors Invesco 101, Inc., entered into an agreement whereby Rush would repair a roof for Doctors Invesco. Doctors Invesco placed a specific amount of money in escrow which would be paid to Rush upon satisfactory completion of the repair. A dispute arose as to whether Chris Rush had properly repaired the roof. The bank holding the money in escrow brought an action to have the court determine whether the money should be paid to *810 Rush. Robert King filed an answer and other motions in December 1977. The final order, awarding Rush part of the money, was entered in February 1978.
After hearing the evidence, the trial court disqualified the King firm. Concerning Robert King’s prior representation of Edward Rush in the action against his deceased partner’s estate, the trial court found that no substantial relationship existed between that representation and the present domestic action. With this determination we agree.
The trial court, however, found disqualification to be proper because of the following:
“It appears, however, that Robert King also represented corporate entities in which the defendant acted as an officer and shareholder. The defendant's property holdings, business dealings and interests appear so interwoven, individually and in business, as to defy unravelment.
[[Image here]]
“The only issues remaining in this action are child support, division of property and alimony. The court is of the opinion that the relationship between the defendant and Robert King revealed matters that substantially related to these issues.”
The only other prior representation was that action in which Robert King represented Chris Rush, d/b/a Rush Building Company, in the “roof repair” action. There was testimony that, at the time of that action, Edward Rush was serving as secretary of Rush Building Company. There was also evidence to the effect that Edward Rush discussed his financial and real estate holdings with Robert King. Edward Rush specifically recalled discussing his ownership in two pieces of property that are at issue now in the domestic action. The time frame in which this alleged discussion took place, however, is not clear from the record.
Robert King testified that at no time did he and Edward Rush enter into a discussion concerning Rush’s financial situation. In addition, King offered the deeds to the property in question, which specifically showed that Rush did not own the property during the years of the prior representation (1977-79). The party seeking disqualification of his former attorney must bear the burden of proving that the present and prior representations are substantially related. Ex parte State Farm Mutual Automobile Ins. Co., supra. Addressing this burden in Ex parte State Farm Mutual Automobile Ins. Co., our supreme court adopted the rationale of the Fifth Circuit in Duncan v. Merrill Lynch, Pierce, Fenner & Smith, 646 F.2d 1020 (5th Cir.1981):
“ ‘Only when the moving party delineates with specificity the subject matters, issues, and causes of action presented in former representation can the district court determine if the substantial relationship test has been met. Merely pointing to a superficial resemblance between the present and prior representations will not substitute for the careful comparison demanded by our cases.’ ”
469 So.2d at 575-76, quoting Duncan, 646 F.2d at 1029.
Here, we find the only evidence linking the “roof repair” case and the present action to be Edward Rush’s blanket statement that he discussed his financial situation and real estate holdings with Robert King and the fact that he served as secretary of the corporation. Aside from this, there is no evidence which establishes a relationship between the subject matter of the present litigation and that of the prior representation.
This is a domestic relations action. The prior action was a “roof repair” case involving escrowed money. In applying the substantial relationship test, we are unable to perceive any connection whatsoever between the present and the prior representation. In reaching this determination, we have not ignored Edward Rush’s statement concerning his financial discussions with Robert King. In fact, we are aware that implicit in the substantial relationship test is a presumption that an attorney who worked on a substantially related matter received confidences in connection therewith. Ex parte Taylor Coal Co., su *811 pra. Here, however, Edward Rush’s shared “confidences” cannot even be said to be substantially related to the “roof repair” action.
We find that the subject matter of the “roof repair” action is not substantially related to the Kings’ instant representation of Karen Rush. We have cautiously reviewed the record and determine that the trial court abused its discretion in applying the substantial relationship test in an arbitrary and capricious manner.
Accordingly, the petition for writ of mandamus is conditionally granted. The writ shall issue unless the trial court within fourteen days of this date dissolves the order disqualifying the Kings from representing Karen Rush in the instant action.
WRIT GRANTED CONDITIONALLY.
ROBERTSON and RUSSELL, JJ., concur.