The issue in this case is whether the plaintiffs' third-party claims, filed pursuant to Ala. Code 1975, § 25-5-11(b), are barred by the two-year statute of limitations set forth in §6-2-38(g).[1]
Tommy Hubbard was employed by Atrax-Newcarb, Inc., in Tuscaloosa County, working on wet grinder machines used to polish the exterior of tungsten-cobalt tools. His last day of work, hence his last day of exposure was August 21, 1987. Shortly thereafter, on September 1, 1987, he was diagnosed with "interstitial lung disease" (hard metals disease) caused by his exposure to tungsten carbide. Hubbard *Page 21 
filed for and received worker's compensation benefits from Atrax, receiving them as late as September 12, 1988.
On August 30, 1989, more than two years after the date of his last exposure, Hubbard and his wife, pursuant to the provisions of § 25-5-11, sued Atrax supervisory co-employees Wade Roe, George Miljus, Edward Gomes, Steven Fair, David Small, and Tom McLaughlin, and they also sued Home Insurance Company and Liberty Mutual Insurance Company. In their complaint against the co-employee defendants, the Hubbards claimed that those defendants willfully and intentionally failed to install various safety devices on the equipment being operated by Hubbard and that this conduct on their part proximately caused his injuries. In their suit against the compensation carriers, they claimed that each carrier negligently, willfully, and intentionally failed to require Atrax and the other defendants to take steps necessary to protect the worker from cobalt exposure, including, but not limited to, taking dust reduction measures, providing protective clothing, and providing ventilating devices and warnings.
Each of the defendants filed motions for a summary judgment, asserting that the two-year statutory period of limitations had run. In granting each of the motions for summary judgment, the trial judge did not specifically state upon what ground he granted the motion. On this appeal, we will address only what the appellants describe in their brief as the primary issue: "Is time for filing a third-party suit pursuant to Ala. Code § 25-5-11 (1975) tolled or affected by compensation payments made to the injured worker (plaintiff), as such payments are referenced in Ala. Code 1975, § 25-5-117?"
We answer the question posed by the appellants in the negative, for the reasons we will set out in this opinion.
The Hubbards filed a claim against the defendants pursuant to the provisions of § 25-5-11(b), which states, in part, the following:
 "If personal injury or death to any employee results from the willful conduct, as defined in subsection (c) herein, of any officer, director, agent, servant or employee of the same employer or any worker's compensation insurance carrier of the employer . . . responsible for servicing and payment of workers' compensation claims for the employer . . ., the employee shall have a cause of action against such person, workers' compensation carrier or labor union."
It is undisputed that this suit was filed more than two years after Tommy Hubbard was last exposed to the alleged injury-causing mist and discovered his injury and its cause. However, the Hubbards did file their suit less than one year after Hubbard received his last workman's compensation payment. The Hubbards argue that their suit was timely filed, because they say, the running of the two-year statutory period of limitations is tolled during the time a worker is receiving worker compensation benefits, and they argue that the provisions of § 25-5-117, stating that limitations shall not take effect until one year from the time of making the last compensation payments, are applicable.[2]
Section 25-5-117 states in pertinent part:
 "In case of the contraction of an occupational disease . . . or of injury or disability resulting therefrom, all claims for compensation shall be forever barred, unless within one year after the date of the injury . . . the parties shall have agreed upon the compensation payable under this article, or unless within one year after the date of the injury one of the parties shall have filed a verified complaint as provided in section 25-5-88. . . . Where . . . payments of compensation *Page 22 
have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."
The defendants, on the other hand, argue that the applicable statute of limitations is § 6-2-38(g), which states that "[a]ny action brought under section 25-5-11(b) must be brought within two years of such injury or death." Typical of the defendants' arguments is one made by Liberty Mutual in its brief — that "[t]he Alabama Legislature, as evidenced by the clear wording of § 6-2-38(g), intended third-party tort suits filed under §25-5-11 to be brought within two years from the date of injury or death."
We agree with the defendants that the two-year statute of limitations, as set out specifically in § 6-2-38(g), is applicable to these third-party suits authorized under the provisions of the Worker's Compensation Act.
This Court has held that a claim filed pursuant to § 25-5-11, as these claims were, is a tort action for damage, and is not a claim for workman's compensation benefits. In Johnson v.Asphalt Hot Mix, 565 So.2d 219 (Ala. 1990), this Court specifically held as follows:
 "An action against third parties or co-employees as allowed by § 25-5-11 is not a claim for Workmen's Compensation, but is a tort action for damages that is removed from the exclusive remedy provisions of §§ 25-5-52 and -53 by virtue of the exceptions set forth in § 25-5-11. Section 25-5-11(a) begins, 'Where the injury or death for which compensation is payable under this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer' (emphasis added [in Johnson]). Thus, under the very terms of § 25-5-11, an action allowed by that section is a legal action for damages, not a claim for compensation 'payable under this chapter,' i.e., it is not 'a claim for Workmen's Compensation.' See, also, § 25-5-1(1) for the definition of 'compensation' and § 25-5-51, setting forth the right to such compensation."
Johnson, 565 So.2d at 220-21.
We believe that the Legislature intended to uphold the distinction between third-party tort actions (§ 25-5-11) and worker's compensation claims (§ 25-5-117). Consequently, we hold that the provisions of § 25-5-117 are applicable only to worker's compensation claims, and are not applicable to tort suits filed pursuant to the provisions of § 25-5-11. The brief filed by the co-employee defendants gives an example of the necessity of making the distinction between the two types of claims:
 "An employee contracts an occupational disease due to his work environment and is permanently, totally disabled. His employer's worker's compensation carrier pays him benefits for twenty years following his injury and then, for whatever reason, decides to cease making payments. The logical conclusion of the plaintiffs' argument, in the case at bar, is that a co-employee suit could be filed within twenty-one years of the date of the plaintiff's injury."
Because the Hubbards' suit was filed more than two years after Tommy Hubbard was last exposed, their claims were barred by the provisions of § 6-2-38(g); and the tolling provisions of §25-5-117 do not apply to these tort claims filed pursuant to the provisions of § 25-5-11.
Based on the foregoing, the summary judgments of the trial court are affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Ala. Code 1975, § 6-2-38(g), provides:
 "Any action brought under section 25-5-11(b) must be brought within two years of such injury or death."
[2] The Hubbards, by arguing that the two-year limitations period is tolled, implicitly admit that the suit was not timely filed if the provisions of § 6-2-38(g) are applied. Unless the limitations period is tolled, it is clear that the action would be barred, because it seems to be settled in Alabama that the "date of injury," which starts the running of the statutory period of limitations in a continuous exposure case, occurs when the plaintiff was last exposed to the chemical or condition causing his injuries. See American Mutual LiabilityInsurance Co. v. Phillips, 491 So.2d 904 (Ala. 1986); Garrettv. Raytheon Co., 368 So.2d 516 (Ala. 1979). *Page 23