MONROE, Judge.
This ease involves the denial of a motion to intervene.
Clinton Perry Brooks was injured in an automobile accident in the course of his employment while driving a vehicle owned by his employer, H & H Wood Company. The other party to the accident was uninsured. Brooks received $7,395.16 in worker’s compensation benefits from his employer’s worker’s compensation insurer, Old Republic Union Insurance Company (Old Republic).
Subsequently, Brooks sued Monticello Insurance Company (Monticello) to obtain uninsured motorist benefits. Monticello provided the uninsured motorist coverage on H & H Wood Company’s vehicles. Old Republic filed a motion to intervene.
Monticello objected to Old Republic’s intervention. The trial court denied the motion to intervene. Old Republic appeals.
At the onset, we note “an order denying intervention as of right is appealable.” Universal Underwriters v. East Cent. Alabama Ford-Mercury, Inc., 574 So.2d 716, 719 (Ala. 1990). Rule 24(a), Ala.R.Civ.P., permits intervention as of right when
“a statute confers an unconditional right; or ... when an applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest-”
Old Republic, the worker’s compensation insurer, asserts an unconditional right to intervene in the employee’s case to protect its subrogation lien, pursuant to the worker’s compensation statute. § 25-5-ll(a), Ala. Code 1975. Section 25-5-ll(a) provides:
“To the extent of the recovery of damages against the other party, the employer [worker’s compensation insurer] shall be entitled to reimbursement for the amount of compensation theretofore paid on account of the injury_” (Emphasis added.) Old Republic argues that the uninsured motorist provider, Monticello, is an “other party” within the meaning of § 25-5-ll(a), and, therefore, that Old Republic should receive reimbursement of the benefits paid, to the extent of the damages recovered, from Monticello.
Monticello argues that the term “other party” means the party at fault in causing the accident. Further, it asserts that its obligation to pay uninsured motorist benefits arises from the contractual agreement. We agree; Old Republic’s right to subrogate is against the uninsured driver here as the “other party.”
The trial court must determine whether a statute gives a party an unconditional right to intervene. The trial court is vested with sound discretion to make such a determination. McKleroy v. Wilson, 581 So.2d 796 (Ala.1990); State ex rel. Wilson v. Wilson, 475 So.2d 194 (Ala.Civ.App.1985).
In State Farm Mutual Automobile Insurance Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619 (1971), a case with similar facts, the Alabama Supreme Court held that the employer’s or insurer’s statutory right of subro-gation under the predecessor to § 25-5-11, Ala.Code 1975, regarding the employer’s right of subrogation in an action against an “other party,” was against the driver of the uninsured vehicle and not the carrier providing uninsured motorist coverage. The issue in Cahoon was whether the uninsured motorist carrier could reduce the amount of its payment to the employee through a set-off of the amount the employee had been paid in worker’s compensation. The Court refused to allow the set-off, finding that the employer or insurer could not have sought to recover the money it had paid to the employee under worker’s compensation from the uninsured motorist carrier because the employer or insurer’s right of subrogation under the worker’s compensation statute was against the uninsured motorist (the wrongdoer) and not *40 against the uninsured motorist insurance carrier. The court held that the uninsured motorist insurance carrier’s obligation to pay was contractual and was not based on any wrongdoing.
Old Republic is not entitled to intervention as of right under § 25-5-11, Ala.Code 1975, pursuant to Rule 24(a). The Alabama Supreme Court has held that claims filed pursuant to § 25-5-11 are tort actions for damages. See Hubbard v. Liberty Mut. Ins. Co., 599 So.2d 20, 22 (Ala.1992). Because the employee here sued Monticello under a contractual obligation to pay uninsured motorist benefits, this action is not a “tort action for damages” under § 25-5-11, Ala.Code 1975, and, therefore, Old Republic does not have an unconditional right conferred by statute to intervene in this action.
For the above reasons, the trial court did not abuse its discretion in denying the employer or insurer’s motion to intervene as of right.
AFFIRMED.
THIGPEN and YATES, JJ., concur in the result.
ROBERTSON, P.J., and CRAWLEY, J., concur in the result only.