202 So.2d 179 (1967)
SOUTHEAST TITLE AND INSURANCE COMPANY, a Florida Corporation, Appellant,
v.
Arkus G. AUSTIN, Appellee.
No. 35707.
Supreme Court of Florida.
September 13, 1967.
Preddy, Haddad & Kutner, Miami, for appellant.
Kneale, Roberts, Kneale & Starkweather, Miami, for appellee.
DREW, Justice.
The appellant in this case controverts a summary final decree for plaintiff, the appellee Austin, in a suit to confirm a $6,000 *180 arbitration award on a claim against the appellant insurance company under a policy for uninsured motorist coverage.
The appellant company claimed a right of set-off in the sum of $2,749, the amount of a workmen's compensation award to insured in connection with the same accident. The claim of set-off was based upon a provision of the policy that "any loss payable * * * shall be reduced by the amount paid * * * under any workmen's compensation law. * * *" The trial court in this case rejected appellant's claim of set-off under this provision. The court referred to and relied upon Sections 627.0851(1) and 324.021(7), F.S.,[1] which require in substance that automobile liability insurance policies in this state shall provide uninsured motorist coverage in a minimum amount of $10,000, i.e. in an amount "not less than limits described in Sec. 324.021(7) * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. * * *"
Appellant contends that the court's construction and application of the statutes constitutes an impairment of the obligation of its contract and an infringement of other constitutional rights,[2] and direct appeal to this Court is taken from the decree adjudicating those issues.[3]
We conclude that the decision in this case, based upon the reasoning in Standard Accident Ins. Co. v. Gavin,[4] properly disposed of the issues presented. While factual distinctions may be made between the cases, both rest upon the simple proposition that the statutory limitations control and become a part of contracts subject to their terms. To the extent, therefore, that the appellant's policy purports to reduce liability for any loss within the statutory minimum required coverage, it is ineffective and there did not come into existence any contractual obligation subject to impairment. The legislative prescription of a minimum "coverage" obviously contemplates an effective coverage for losses up to the specified amount, the express statutory intent being to provide that protection to exactly the same extent that a policyholder is "legally entitled to recover damages" from a third party uninsured owner, no more, no less. The provision for setoffs, or for a showing of unreimbursed *181 loss rather than legal damages within the minimum amount, is in our opinion in conflict with both express and implied requirements of the law.
Cross assignments of error, directed to the court's computation of interest from the date of award rather than the date of accident, present no grounds for relief. The contrary decision on this point in the Gavin case, supra, appears to be in error under the consistent rule of our decisions denying interest in personal injury cases until entry of judgment.[5] Their rationale appears to be applicable in this proceeding which, although based on contract of insurance, is essentially one for the recovery of tort damages.
Affirmed.
THORNAL and ERVIN, JJ., concur.
BARNS, J. (Ret.), concurs specially with Opinion.
CALDWELL, C.J., and THOMAS and ROBERTS, JJ., dissent.
BARNS, PAUL D., Justice (Ret.), (Specially concurring).
This is an appeal from a final judgment in an action in debt based on an award by an arbitrator, commenced by filing in the lower court an Application to Confirm the Award and Entry of Judgment which is basically an action at law, in debt. This procedure is authorized by Chapter 57, F.S.A.
The plaintiff's claim before the arbitrator was against the appellant on a contract of indemnity against loss or injury by reason of the negligence of another and provided for set-off for compensation paid the insured under the workmen's law (as stated above by Mr. Justice Drew). The indemnity insurance contract was to satisfy and meet the requirements of the uninsured motorist law, and provided: "Terms of this policy which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes."
The public policy as established by the workmen's compensation law provides for compensation for injuries to the employee irrespective of negligence of the employer. Likewise, the uninsured motorist law is a part of the public policy of this state. An indemnity insurance policy written to meet the terms of this law providing that the insurer shall receive any benefits paid the insured pursuant to the workmen's compensation law contravenes the public policy of this state, since such would impair the protection exacted by the uninsured motorist statute, Section 627.0851, F.S.A.
I concur.
DREW, THORNAL and ERVIN, JJ., concur.
NOTES
[1] "627.0851 Automobile liability insurance; uninsured vehicle coverage; insolvent insurer protection. 

"(1) No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than limits described in § 324.021(7), under provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; * * *."
"324.021 Definitions; minimum insurance required.  The following words and phrases when used in this chapter shall, for the purpose of this chapter, have the meanings respectively ascribed to them in this section, except in those instances where the context clearly indicates a different meaning. * * *
"(7) `PROOF OF FINANCIAL RESPONSIBILITY'  That proof of ability to respond in damages for liability, on account of accidents arising out of the use of a motor vehicle, in the amount of ten thousand dollars because of bodily injury to or death of one person in any one accident and subject to said limits for one person, in the amount of twenty thousand dollars because of the bodily injury to or death of two or more persons in any one accident, and in the amount of five thousand dollars because of injury to or destruction of property of others in any one accident."
[2] Secs. 1 and 7, Decl. of Rights, Florida Const.; Art. I, Sec. 10, Art. IX, Sec. 1, and Amend. V and XIV, U.S.Const.
[3] Art. V, Sec. 4, Fla. Const.
[4] Fla.App., 184 So.2d 229, cert. dismissed, Fla., 196 So.2d 440.
[5] Cases collected, Parker v. Brinson Construction Co., Fla. 1955, 78 So.2d 873.