380 So.2d 1325 (1980)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Fanny NAPOLI and Edward Napoli et al., Appellees.
No. 79-136.
District Court of Appeal of Florida, Fourth District.
March 19, 1980.
Joseph S. Kashi of Grimmett, Conrad, Scherer & James, P.A., Fort Lauderdale, for appellant.
Maurice Fixel of Meyer, Leben, Fixel & Cantor, P.A., Hollywood, for appellees.
BERANEK, Judge.
Appellant, State Farm Mutual Automobile Insurance Company, seeks reversal of an uninsured motorist coverage award. We reverse. Appellee, a State Farm policy-holder, was injured in an automobile accident with a tortfeasor who had coverage of $25,000 with Central National Insurance Company. Appellee had uninsured motorists protection coverage under two State Farm policies. These two policies provided uninsured motorists coverage of $50,000. A ruling to this effect was previously appealed to this Court by State Farm and affirmed. State Farm Mutual Automobile Insurance Company v. Napoli, 340 So.2d 935 (Fla. 4th DCA 1976).
Pursuant to an order by the trial court arbitration occurred on the uninsured motorists claim. The arbitration award set damages at $68,500. The appellee accepted $25,000 from the tortfeasor's insurance carrier and pursued her uninsured motorist coverage against her own carrier. State Farm offered $25,000 in satisfaction of the uninsured motorist claim and appellee rejected this payment asserting a right to $50,000 in coverage.
Eventually, State Farm moved to modify the arbitration award contending that it was entitled to a full $25,000 set-off equal to the amount paid by Central National. Appellee moved to confirm the award, or, by equitable distribution, to determine State Farm's claimed set-off. The *1326 trial court determined that State Farm was not entitled to a full $25,000 set-off but was instead entitled to set-off the Central National payment of $25,000 less appellee's attorneys' fees and costs of collection. In doing so the trial court erred. Dewberry v. Auto-Owners Insurance Company, 363 So.2d 1077 (Fla. 1978), specifically holds that Section 627.727(1), Florida Statutes (1975), intended that the coverage of the tortfeasor be considered as a complete set-off equal to the full amount paid. To the same effect, see Jones v. Travelers Indemnity Company of Rhode Island, 368 So.2d 1289 (Fla. 1979).
In Hall v. Liberty Mutual Insurance Company, 376 So.2d 1183 (Fla. 1st DCA 1979), the court was faced with an almost identical situation and in a detailed opinion ruled that the set-off was to be in the gross amount of the coverage paid by the tortfeasor's carrier, rather than in the net amount received by the injured policyholder. We consider Hall v. Liberty Mutual Insurance Company, supra, to be dispositive.
The trial court also awarded attorneys' fees and interest to appellee. Both of these awards are attacked on appeal and in view of our reversal on the set-off issues, we find it necessary to also vacate these awards and remand for further consideration. In doing so, we note that interest was properly computed from the date of the arbitration award despite the fact that it was computed on an incorrect amount. Southeast Title Insurance Company v. Austin, 202 So.2d 179 (Fla. 1967).
As to the award of attorneys' fees, appellant claims the total award of $27,800 was excessive. The litigation herein has gone on for many years and involves a prior appeal and numerous hard-fought legal issues. In reversing the attorneys' fee award we do not determine same to have been excessive but find it necessary to remand in view of our conclusion requiring a $25,000 set-off under the rationale of Dewberry v. Auto Owners Insurance Company, supra.
The judgment below is hereby reversed and the cause is remanded to the trial court for further proceedings in which the trial court should require a set-off of $25,000 and recompute interest and attorneys' fees.
REVERSED AND REMANDED WITH DIRECTIONS.
DOWNEY, C.J., and GLICKSTEIN, J., concur.