PER CURIAM.
Appellant, Fireman’s Fund Insurance Company, seeks reversal of a final judgment allowing appellees, Marion and Jule Robinson, a $2465 attorney’s fee as an equitable distribution out of their recovery from a third party tortfeasor. The Robinsons cross appeal a denial of their motion for attorney’s fees pursuant to Section 627.428, Florida Statutes (1979).
The Robinsons were involved in an automobile accident with a third party. The Robinsons had an automobile liability insurance policy with Fireman’s Fund containing $30,000 uninsured motorist coverage. The third party possessed a policy with $15,000 liability limits which was paid to the Robin-sons.
Fireman’s Fund and the Robinsons arbitrated Robinsons’ damages, which proceeding resulted in an award of $50,000. The Robinsons then demanded the full $30,000 uninsured motorist coverage from Fireman’s Fund, over and above the $15,000 recovery from the tortfeasor. Fireman’s Fund contended that it was entitled to a set-off of the payment made by the tort-feasor and thus offered the Robinsons $15,-000.
In the final judgment under review the learned trial judge found, in material part, that (a) Fireman’s Fund was entitled to a set-off of the amount recovered from the tortfeasor; (b) the Robinsons were not entitled to attorney’s fees pursuant to Section 627.428, Florida Statutes (1979); and (c) the Robinsons were entitled to the sum of $2465 from Fireman’s Fund as an equitable distribution for making the set-off possible by recovering it against the tortfeasor.
Fireman’s Fund has demonstrated reversible error, but the Robinsons have not. Accordingly, we affirm the final judgment in all respects except the allowance of attorney’s fees to the Robinsons as an equitable distribution. We reverse the equitable distribution award on authority of State Farm Mut. Auto. Ins. Co. v. Napoli, 380 So.2d 1325 (Fla. 4th DCA 1980).
AFFIRMED IN PART and REVERSED IN PART.
LETTS, C. J., and DOWNEY and MOORE, JJ., concur.