BEK, Inc., BEK Properties, Inc., Polar Real Estate Corporation, and Polar Property Development, Inc. (hereinafter referred to collectively as "the counterclaim defendants"), appeal, pursuant to Ala.R.App.P. 5, from the trial court's interlocutory order denying their motions for judgment on the pleadings. We granted permission to appeal, and we now dismiss the appeal without prejudice.
 I.
Polar-BEK Company ("Polar-BEK") is a joint venture consisting of two corporations — BEK Properties, Inc., and Polar Property Development, Inc. Polar-BEK owns Iberia Corporation ("Iberia"). Polar-BEK and Iberia are partners in several partnerships with Alex D. Baker; SNA, Inc.; Baker, Inc.; and Ron Carlson (hereinafter referred to collectively as "the Baker defendants").
Polar-BEK and Iberia initiated this action by filing a complaint against the Baker defendants in the Shelby Circuit Court. In their complaint, after identifying their *Page 1187 
partnerships with the Baker defendants, Polar-BEK and Iberia alleged that "certain disputes have arisen among certain of the partners," and requested "that the court conduct an equitable accounting as to each partnership and declare the rights, obligations and liabilities of the partners in each partnership." The complaint also contained what it described as "alternative" breach-of-contract claims against Alex D. Baker.
The Baker defendants answered the complaint, stating counterclaims against Polar-BEK and Iberia. The parties to this appeal agree that the Baker defendants' claims are compulsory counterclaims, as defined by Ala.R.Civ.P. 13(a). The counterclaims against Polar-BEK and Iberia remain pending in the trial court.
The Baker defendants did not limit their counterclaim to Polar-BEK and Iberia. Instead, they also asserted their claims against the counterclaim defendants, which were made parties to the counterclaim, as allowed by Ala.R.Civ.P. 13(h). After answering the counterclaim, the counterclaim defendants filed motions for a judgment on the pleadings as to the claims asserted against them in the counterclaim, contending that each claim was barred by the applicable statute of limitations. On December 17, 2002, the trial court denied the motions for a judgment on the pleadings.
The counterclaim defendants promptly requested that the trial court enter the certification required by Ala.R.App.P. 5(a), which would allow them to request permission from this Court to appeal from the interlocutory order denying their motions for a judgment on the pleadings. On January 9, 2003, pursuant to the counterclaim defendants' request, the trial court entered the following order:
 "On August 29, 2002 a motion for judgment on the pleadings was filed by counterclaim defendants BEK, Inc. and BEK Properties, Inc. On September 3, 2002 a similar motion was filed by counterclaim defendants Polar Property Development, Inc. and Polar Real Estate Corporation. All of these parties were first added to this action as defendants to the counterclaim, and their motions for judgment on the pleadings raise a single legal issue, namely whether the claims asserted in the counterclaim relate back as to these counterclaim defendants for purposes of the statute of limitations. By order dated December 17, 2002 this court denied the motions for judgment on the pleadings.
 "BEK, Inc., BEK Properties, Inc., Polar Property Development, Inc., and Polar Real Estate Corporation have petitioned for permission to appeal pursuant to Rule 5(a) of the Alabama Rules of Appellate Procedure, and the court is of the opinion that the petitions should be granted. The court's December 17, 2002 order denying the motions for judgment on the pleadings involves a controlling question of law as to which there is substantial ground for difference of opinion. Specifically, the issue presented is whether the claims asserted in the counterclaim relate back as to these parties under Alabama Code § 6-8-84. The court finds that an immediate appeal from the order denying the motions for judgment on the pleadings would materially advance the ultimate termination of the litigation and would avoid protracted and expensive litigation. Accordingly, the court grants the petitions for permission to appeal filed by BEK, Inc., BEK Properties, Inc., Polar Property Development, Inc., and Polar Real Estate Corporation and it hereby certifies the case for interlocutory appeal pursuant to Rule 5(a) of the Alabama Rules of Appellate Procedure." *Page 1188 
(Emphasis added.) On January 22, 2003, the counterclaim defendants filed in this Court a petition for permission to appeal under Ala.R.App.P. 5, which this Court granted on February 11, 2003.
 II.
As previously stated, this is an appeal by permission, pursuant to Ala.R.App.P. 5. Rule 5 was amended effective June 1, 2002. Since that date, Rule 5 has provided, in pertinent part:
 "(a) Petition for Permission to Appeal. A party may request permission to appeal from an interlocutory order in civil actions under limited circumstances. Appeals of interlocutory orders are limited to those civil cases that are within the original appellate jurisdiction of the Supreme Court. A petition to appeal from an interlocutory order must contain a certification by the trial judge that, in the judge's opinion, the interlocu-tory order involves a controlling question of law as to which there is substantial ground for difference of opinion, that an immediate appeal from the order would materially advance the ultimate termination of the litigation, and that the appeal would avoid protracted and expensive litigation. The trial judge must include in the certification a statement of the controlling question of law.
". . . .
 "(b) Content of Petition; Answer. The petition shall contain a statement of the facts necessary to an understanding of the controlling question of law determined by the order of the trial court, supported by reference to the materials accompany-ing the petition; a statement of the question itself, as stated by the trial court in its certifi-cation; and a statement of the reasons why a substantial basis exists for a difference of opinion on the question, why an immediate appeal would materially advance the termination of the litigation and why the appeal would avoid protracted and expensive litigation. The petition shall include or have annexed thereto (1) a copy of the order from which appeal is sought and of any findings of fact, conclusions of law, and opinion relating thereto and (2) a copy of the certification required by Rule 5(a). Within 14 days (2 weeks) after service of the petition, an adverse party may file an answer in opposition with the clerk of the Supreme Court, with proof of service on all other parties to the action in the trial court. The application and answer shall be submitted without oral argument unless otherwise ordered."
(Emphasis added.)
It is "our time-honored rule that a final judgment is an essential precondition for appealing to this Court." John Crane-Houdaille, Inc. v.Lucas, 534 So.2d 1070, 1073 (Ala. 1988). However, in exercising its rulemaking authority, this Court has provided in Rule 5 that "[a] party may request permission to appeal from an interlocutory order in civil actions under limited circumstances." (Emphasis added.) Before a party may request permission to appeal from an interlocutory order, the trial court must determine that "the interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion," and "[t]he trial judge must include in the [Rule 5(a)] certification a statement of the controlling question of law." Once the trial court provides that certification, a petition for permission to appeal, in order to comply with Rule 5(b), must focus on "the controlling question of law determined by the order of the trial court."
The purposes of these requirements are obvious. First, Rule 5(a) ensures that the trial court has identified, *Page 1189 
and focused upon, what it considers to be the controlling question of law. Second, Rule 5(b) ensures that this Court is made aware of the question of law that will be presented for its review, if it grants permission to appeal. Therefore, consistent with the present requirements of Rule 5 and their purposes, this Court will not expand its review on permissive appeal beyond the question of law stated by the trial court. Any such expansion would usurp the responsibility entrusted to the trial court by Rule 5(a).
 III.
In its Rule 5(a) certification, the trial court identified what, in its opinion, is the "controlling question of law" in this case: "Specifically, the issue presented is whether the claims asserted in the counterclaim relate back as to [the counterclaim defendants] under Ala. Code § 6-8-84."[1] However, under the undisputed facts, the trial court has not identified "a controlling question of law." Indeed, §6-8-84 is irrelevant to any consideration of the compulsory counterclaims asserted by the Baker defendants. See Romar Dev. Co. v. Gulf View Mgmt.Corp., 644 So.2d 462, 473 (Ala. 1994) ("§ 6-8-84 . . . appl[ies] only to permissive counterclaims") (emphasis added). See also Exxon Corp. v.Department of Conservation Natural Res., [Ms. 1001053, December 20, 2002] 859 So.2d 1096, 1102 (Ala. 2002) ("In Romar, this Court ruled that all compulsory counterclaims, whether offensive or defensive, are not subject to the statute-of-limitations defense.").
On appeal, the counterclaim defendants seek to redefine the issue presented for our review, effectively abandoning the issue stated by the trial court. In their initial brief, Polar Property Development, Inc., and Polar Real Estate Corporation claim that the issue is whether "an untimely [compulsory] counterclaim relate[s] back for statute of limitation purposes, against counterclaim defendants who were not plaintiffs in the original complaint." Similarly, in their initial brief, BEK, Inc., and BEK Properties, Inc., identify the issue as whether "the untimely claims asserted in the [compulsory] counterclaim relate back as to newly added counterclaim defendants . . ., none of which are or have ever been plaintiffs." These issues are beyond the scope of the issue stated by the trial court, and, consequently, are beyond the scope of our review on permissive appeal.
For the foregoing reasons, we dismiss the appeal without prejudice.
APPEAL DISMISSED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
[1] "When the defendant pleads a counterclaim to the plaintiff's demand, to which the plaintiff replies the statute of limitations, the defendant is nevertheless entitled to his counterclaim, where it was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in the action." § 6-8-84, Ala. Code 1975.