Continental Casualty Company ("Continental") petitioned this Court, pursuant to Rule 5, Ala. R.App. P., for permission to appeal from the denial of its motion for a partial summary judgment. This Court granted Continental permission to appeal. After reviewing the record and considering the arguments presented by the parties, we conclude that permission to appeal under Rule 5, Ala. R.App. P., was improvidently granted, and we dismiss the appeal. See Hughes Beverage Co. v. Hughes,861 So.2d 1087 (Ala. 2003); State v. Bassett,364 So.2d 1175 (Ala. 1978).
 Facts and Procedural History
John Clifton Pinkston was an employee of Meadow Gold Dairies. In the course of his employment, Pinkston was involved in a collision with an automobile driven by Angela Michelle Roper while Pinkston was driving a truck owned by Meadow Gold Dairies.
Pinkston and his wife, Lailani Pinkston, sued Roper, asserting claims of negligence and wantonness; Lailani asserted a loss-of-consortium claim. The Pinkstons subsequently amended their complaint to add Continental, Meadow Gold's fleet insurance carrier, as a defendant. In their amended complaint, the Pinkstons alleged that Roper was an "uninsured/underinsured driver" and that Continental provided uninsured/underinsured-motorist coverage. Continental answered the Pinkstons' amended complaint and admitted that Continental "provided certain uninsured/underinsured coverage on the vehicle being driven by [Pinkston], the terms and conditions of which speak for themselves." After Roper had answered the Pinkstons' complaint, the Pinkstons' claims against Roper were settled for the limits of Roper's insurance policy; Roper is not insured beyond that amount.
Continental also acknowledged in its answer that it had issued a commercial automobile policy that covered a fleet of Meadow Gold's vehicles and that it provided uninsured/underinsured coverage on the Meadow Gold truck Pinkston was driving at the time of the accident with Roper. Meadow Gold's commercial policy with Continental provides uninsured and underinsured-motorist benefits, subject to certain terms and conditions, to a limit of $1,000,000. Because the Continental policy covers three or more vehicles, the insured is allowed to "stack," so that the underinsured-motorist coverage available under the policy is $3,000,000. See Ala. Code 1975, § 32-7-23(c).[1] *Page 928 
The commercial automobile insurance policy covering the Meadow Gold fleet contains the following coverage limitation:
 "We will not pay for any element of `loss' if a person is entitled to receive payment for the same element of `loss' under any workers' compensation, disability benefits or similar law."
At the time of the accident, Meadow Gold had in effect a workers' compensation insurance policy also issued by Continental. Pinkston applied for and received workers' compensation benefits for the injuries he sustained in the accident.
Based on the workers' compensation limitation in the policy providing underinsured-motorist coverage, Continental moved the trial court for a partial summary judgment declaring that the maximum benefits to which the Pinkstons are entitled is $60,000. Continental conceded that, under Alabama law, the workers' compensation limitation in the policy cannot be applied to deny the Pinkstons the minimum statutory underinsured-motorist limit of $20,000, which would be $60,000 as stacked. However, Continental argued that the workers' compensation limitation in the policy is enforceable as to underinsured-motorist coverage over and above the statutory minimum. Thus, Continental argued, it is required to provide the Pinkstons only the statutorily mandated benefits of $60,000 ($20,000 x 3) in available coverage.
The Pinkstons opposed Continental's summary-judgment motion, arguing that the workers' compensation limitation is void because it violates the Alabama Uninsured Motorist Statute. The Pinkstons asserted that the limit of liability of the commercial policy is $3,000,000 — the policy limit of $1,000,000, which can be stacked for a total of $3,000,000. The Pinkstons also argued that the workers' compensation limitation in the policy could not operate as a blanket limitation on coverage; instead, they argued, it purports to exclude only those elements of loss covered by the workers' compensation policy.
The trial court denied Continental's motion for a partial summary judgment. The trial court's order explained the issue before it as follows:
 "The insurance policy at issue contains a worker's compensation exclusion which expressly excludes coverage for any injuries suffered by [Pinkston] which are also covered by worker's compensation. Defendant Continental concedes that the exclusion does not apply to the uninsured motorist coverage that must be provided by statute, but contends that it does apply to other coverage not required by statute. The question presented on the motion for partial summary judgment is what amount of underinsurance coverage is available to [the Pinkstons] where the policy provides liability limits of $1,000,000.00 but expressly excludes coverage for any injuries suffered by [Pinkston] which are also covered by worker's compensation?"
Concluding that "there is substantial ground for difference of opinion on this issue" and "that an immediate appeal would avoid protracted and expensive litigation and, given the parties' stipulation, will dispose of the case in its entirety" (emphasis in original), the trial court certified its order as appropriate for an interlocutory appeal under Rule 5, Ala. R.App. P.
 Issue
The question of law certified by the trial court for consideration on permissive appeal is as follows:
 "When a policy exclusion is found to be ineffective to exclude statutorily required uninsured and underinsured motorist *Page 929 
coverage, what is the limit of uninsured and underinsured motorist coverage that applies under the policy — the statutorily required minimum amount or an amount equal to the limits contained in the policy?"
 Analysis
The Alabama Uninsured Motorist Statute, § 32-7-23, Ala. Code 1975, requires that every automobile-liability-insurance policy issued or delivered in Alabama provide uninsured/underinsured-motorist coverage with limits for bodily injury or death of at least $20,000 per person, unless the coverage is specifically rejected in writing by the named insured. See § 32-7-23(a) and 32-7-6(c), Ala. Code 1975.
If an insured's loss exceeds the limits of one underinsured-motorist policy, the insured may "stack" other coverages provided by that contract of insurance. SeeAmerican Econ. Ins. Co. v. Thompson, 643 So.2d 1350, 1356
(Ala. 1994). The stacking is limited to the primary coverage plus coverage for a maximum of two additional vehicles. See
§ 32-7-23(c), Ala. Code 1975. Therefore, if an insurance policy covers three or more vehicles, as does the Continental policy, there is a statutorily imposed $60,000 liability for uninsured/underinsured-motorist coverage.[2] The parties concede that in this case Pinkston may stack coverages.
When an exclusion in a policy is more restrictive than the uninsured/underinsured-motorist statute, the exclusion is void and unenforceable. State Farm Auto. Ins. Co. v.Reaves, 292 Ala. 218, 292 So.2d 95 (1974). Thus, this Court has held that a limitation in a policy providing uninsured/underinsured-motorist benefits purporting to reduce the amount payable under the uninsured/underinsured-motorist policy by any amount payable under workers' compensation insurance is ineffective to reduce the uninsured/underinsured-motorist benefits under the policy to an amount below the statutorily required amount. State FarmMut. Auto. Ins. Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619
(1971). Continental concedes that the workers' compensation limitation in its policy is ineffective to reduce its liability below the statutory minimum of $20,000 (or $60,000 stacked). However, Continental argues that the workers' compensation limitation in the policy is effective to exclude underinsured-motorist coverage beyond the statutory minimum of $20,000 (or $60,000 stacked).
In support of its argument, Continental points toCahoon, in which this Court held that a workers' compensation limitation in an uninsured/underinsured-motorist policy was ineffective to reduce uninsured-motorist benefits. In Cahoon, the insured was to receive workers' compensation in an amount that would equal or exceed the uninsured-motorist coverage of $10,000 provided by his policy, the statutory minimum at the time. The uninsured-motorist policy provided that any uninsured-motorist coverage would be reduced by any workers' compensation benefits payable to Cahoon. This Court held that the limitation in the policy could not operate to reduce the amount of uninsured-motorist coverage by the amount of workers' compensation payable to the insured.
Continental points out that the Cahoon Court relied upon, among other cases, Southeast Title Insurance Co. v.Austin, 202 So.2d 179 (Fla. 1967), in which the Supreme Court of Florida stated: *Page 930 
 "`To the extent, therefore, that the appellant's policy purports to reduce liability for any loss within the statutory minimum required coverage, it is ineffective and there did not come into existence any contractual obligation subject to impairment.'"
Cahoon, 287 Ala. at 467, 252 So.2d at 623 (quotingAustin, 202 So.2d at 180). Continental argues that the rule stated in Cahoon cannot bar Continental from limiting its liability for underinsured-motorist coverage to the statutory minimum. Continental contends that the limitation on the holding of Cahoon it advocates is consistent with the general rule that "`in the absence of statutory provisions to the contrary, insurers have the right to limit their liability by writing policies with narrow coverage.'"Shrader v. Employers Mut. Cas. Co., 907 So.2d 1026,1034 (Ala. 2005) (quoting St. Paul Mercury Ins. Co. v.Chilton-Shelby Mental Health Ctr., 595 So.2d 1375, 1377
(Ala. 1992)). See also Scott v. Board of Trustees of MobileS.S. Ass'n, 540 So.2d 657, 658 (Ala. 1988) (an insurer " `may, with the insured's acceptance, insert as many exclusion clauses in its liability policy as it deems proper and necessary so long as they do not conflict with public policy or the statutory laws of the state'" (quoting Cotton StatesIns. Co. v. Diamond Housing Mobile Homes, 430 F.Supp. 503,506 (N.D.Ala.1977))).
We decline to decide in this interlocutory appeal whether an insurer can limit its liability for amounts in excess of the statutory minimum of uninsured/underinsured-motorist coverage. Although Continental contends that the workers' compensation limitation in the Continental policy creates a blanket limitation of $60,000 on Pinkston's underinsured-motorist coverage, it does not appear that that is the case. The limiting clause on which Continental relies reads:
 "We will not pay for any element of `loss' if a person is entitled to receive payment for the same element of `loss' under any workers' compensation, disability benefits or similar law."
The Pinkstons argue in their brief, as they argued to the trial court in opposition to Continental's summary-judgment motion, that this provision
 "is devoid of any language that would bar John Pinkston from claiming benefits under the policy simply because he may have been entitled to certain workers' compensation benefits. The clause is devoid of any language that would even limit Pinkston's total or gross recovery under the policy simply because he may have been entitled to certain workers' compensation benefits. Continental's argument does not even comport with the plain language of its proffered clause. As such, Continental's broad request to place an aggregate limit on available coverage is wholly without merit."
There are elements of loss a plaintiff may suffer that are not covered by workers' compensation.
 "[I]n order to evaluate properly whether a claim should be paid under the limit-of-liability provision . . . [the claims representative for the insurer] should have determined the elements of loss Sockwell had suffered as a result of the automobile accident and compared those to the elements of loss payable under Alabama workers' compensation law. Under the plain language of the limit-of-liability provision[3] any elements of loss *Page 931 
suffered by Sockwell, other than those payable under Alabama workers' compensation law, were reimbursable."
National Ins. Ass'n v. Sockwell, 829 So.2d 111, 118
(Ala. 2002). The Pinkstons argue that, among the elements of loss suffered by Pinkston that are not covered by the Workers' Compensation Act are: pain and suffering, mental anguish, business and economic losses, and present and future wages. Pinkston contends that the only element of loss covered by the Workers' Compensation Act, for which some underinsured recovery may also lie, is the payment of some (but not all) of Pinkston's medical expenses. The Pinkstons argue that determining the nature or amount of the various elements of loss sustained by Pinkston is necessary in order to apply the workers' compensation limitation in the Continental policy.
Given the language of the workers' compensation limitation of the policy, it appears that, even if we were to agree with Continental that a workers' compensation limitation may properly exclude uninsured-motorist coverage beyond the statutorily required amount of coverage, the workers' compensation limitation in the Continental policy is not, in effect, an aggregate $60,000 "cap" on Continental's total liability, as Continental contends.
Significantly, the proper interpretation of the language of the Continental policy is not within the scope of the issue certified by the trial court for interlocutory appeal. Thus, Continental would have us decide whether Continental's liability is capped at $60,000 or at $3,000,000, without regard to language of the workers' compensation limitation in the policy.
Continental's brief is premised on the assumption that the workers' compensation limitation in the Continental policy operates as a blanket exclusion. The question that the trial court certified for this interlocutory appeal makes that same assumption; it frames the question in such a way that the answer must be that the workers' compensation provision is a limitation on coverage either of the statutory minimum of $60,000 or of the policy limit of $3,000,000.[4] However, given the plain language of the workers' compensation limitation in the Continental policy, it does not appear that we can answer the trial court's question with one of those two answers, nor does it appear that we can meaningfully answer the trial court's question without considering the policy language.
If we were to answer the trial court's question, which assumes that the workers' compensation limitation has an effect it does not appear to have, we would be answering a hypothetical question and essentially issuing an impermissible advisory opinion. "`[I]t is not within the province of this court to decide abstract or hypothetical questions. . . . Nor is it the province of this court to consider a fictitious case, submitted merely for the purpose of testing the right to do a particular thing.'" Siegelman v. Alabama Ass'n of SchoolBoards, 819 So.2d 568, 575 (Ala. 2001) (quotingCaldwell v. Loveless, 17 Ala. App. 381, 382, 85 So. 307,307 (1920)).
If we were to interpret the language of the workers' compensation limitation *Page 932 
in the policy and then decide the legal effect of the limitation as we interpret it, we would be exceeding the scope of the question certified by the trial court. "[T]his Court will not expand its review on permissive appeal beyond the question stated by the trial court. Any such expansion would usurp the responsibility entrusted to the trial court by Rule 5(a)[, Ala. R.App. P.]." BE K v. Baker,875 So.2d 1185, 1189 (Ala. 2003). In addition, Continental has not addressed the plain language of the workers' compensation limitation in the policy. After the Pinkstons raised the issue in their brief, Continental replied only that that issue was beyond the question certified by the trial court.
We have, after granting permission to appeal an interlocutory order, dismissed the appeal where it appears to us on review of the record and the arguments made by the parties on appeal that the petition for permission to appeal was improvidently granted, Hughes Beverage Co. v. Hughes,861 So.2d 1087 (Ala. 2003), and State v. Bassett, 364 So.2d 1175
(Ala. 1978), and where the issues presented by the briefs are beyond the scope of the issue certified by the trial court,BE K v. Baker, 875 So.2d 1185.
 Conclusion
To decide this interlocutory appeal we would have to either decide a hypothetical question or exceed the scope of the question certified by the trial court. Instead, we exercise judicial restraint and dismiss the appeal.
APPEAL DISMISSED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Ala. Code 1975, § 32-7-23(c), provides:
 "The recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within such contract."
[2] Unless, of course, the insured waives the uninsured/underinsured-motorist coverage in writing.
[3] The limitation-of-liability clause in Sockwell is strikingly similar to the one in this case. The limitation clause in Sockwell reads:
 "We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:
 "1. Worker's Compensation Law. . . ."
829 So.2d at 116.
[4] The trial court did recognize in its order (outside of the question certified) that the workers' compensation limitation "excludes coverage for any injuries suffered by [Pinkston] which are also covered by worker's compensation" but apparently did not appreciate the gravity of the fact that the limitation may be narrower than Continental contends.