Pursuant to Rule 5, Ala. R.App. P., this Court granted Carfax, Inc. ("Carfax"), permission to file an interlocutory appeal from an order refusing to enforce an outbound forum-selection clause contained in a contract between Carfax and Tom Browning. We have determined that our permission to appeal was improvidently granted, and we therefore dismiss the appeal.
Browning sued Carfax and its corporate parent[1] in the Jefferson Circuit Court, seeking compensatory and punitive damages for fraud, misrepresentation, suppression, and negligence. Browning alleged that he purchased from Carfax, via the Internet, a motor-vehicle-history report concerning a used vehicle he intended to purchase. Browning alleges (1) that the vehicle-history report failed to indicate *Page 492 
that the vehicle had been involved in a collision and had undergone "extensive repair work," (2) that Carfax misrepresented the scope and completeness of the information on which the vehicle-history report was based, and (3) that he relied on Carfax's misrepresentations and omissions in making his decision to buy the motor vehicle.
Carfax filed a motion to dismiss on the basis of a forum-selection clause in the "on-line" agreement between the parties. Carfax's motion was supported by an affidavit from a vice president of Carfax to which were attached copies of the relevant documents. The forum-selection clause requires a complaint instituting litigation relating to the vehicle-history report or to Browning's use of the Carfax Web site to be filed in any federal or state court in Virginia, the state in which Carfax's headquarters is located.
In his response to Carfax's motion to dismiss, Browning contended that the forum-selection clause was unenforceable because, he says, (1) the inconvenience of litigating the case in Virginia would effectively deprive him of his day in court, (2) the present case involves pre-agreement conduct of Carfax, which is outside the scope of the forum-selection clause, and (3) enforcement of the forum-selection clause would be unconscionable because of Carfax's overweening bargaining power.
Browning's response was supported by an affidavit in which Browning stated:
 "2. I do not live in the State of Virginia. I have never transacted any business in the State of Virginia. It is an economic and logistical impossibility for me to prosecute my claims in Virginia. I do not have the time to travel to Virginia. To travel to Virginia for court appearances, depositions, trial, meetings with counsel, and other things would work a substantial hardship on me personally and professionally.
 "3. I have not contacted anyone in Virginia regarding anything remotely pertaining to this case. All of my witnesses are in Alabama. The fraud practiced on me by Carfax occurred in Alabama.
 "4. I was not given any choice in the language of the agreement. It was presented to me as a `take it or leave it' agreement. Had I been given any choice, I would have never agreed to any outbound forum selection clause.
 "5. I simply cannot prosecute my case in Virginia. I do not know a Virginia lawyer. I do not have the time or means to litigate in Virginia, nor do I have the means to transport my witnesses to Virginia. If I am forced to litigate in Virginia, I will be deprived of all opportunity to litigate my claims.
 "6. I am an individual consumer. I had no bargaining power over Carfax at all. I was completely vulnerable to whatever language it put in its form agreement. I had no opportunity to make any changes at all to that agreement. I do not know of another service like Carfax. I did not have a meaningful opportunity to shop elsewhere for the same service. Carfax is a large corporation with many employees and substantial revenue."
On October 7, 2005, the trial court entered an order denying the defendants' motion to dismiss. Based on the pleadings and affidavits, the trial court concluded that a valid contract existed between Browning and Carfax and that the contract contained a mandatory forum-selection clause requiring any litigation relating to the contract to be litigated in Virginia. As to the enforceability of the forum-selection clause, however, the trial court concluded that the litigation of this action in Virginia *Page 493 
would be so inconvenient as to make the forum-selection clause unenforceable.
At the request of Carfax, the trial court entered a certification under Rule 5(a), Ala. R.App. P., allowing Carfax to pursue an interlocutory appeal of its order denying Carfax's motion to dismiss Browning's Alabama action. The trial court's certification stated that the issues for permissive appeal are (1) "whether a forum-selection clause found in a contract created on the Internet is enforceable" and (2) "whether mere inconvenience or impracticability renders a mandatory forum selection clause unconscionable and unenforceable." Carfax petitioned this Court for leave to appeal, which this Court granted.
After reviewing the record in this case and the briefs of the parties, however, we conclude that our permission to appeal was improvidently granted. Neither of the two issues certified for appeal by the trial court constitutes a "controlling question of law." See Rule 5(a), Ala. R.App. P. The first issue — the enforceability of contracts formed on the Internet — is not in dispute. Browning concedes in his brief to this Court that "contracts formed on the Internet are binding and enforceable to the same extent as contracts formed any other way. He has never taken any other position." The trial court's order of October 7, 2005, did not conclude that a forum-selection clause in an Internet contract was unenforceable per se and, in fact, found the contract between Carfax and Browning to be a valid contract.
Likewise, as to the second issue, neither party disputes that more than a "mere inconvenience or impracticability" is necessary to render a forum-selection clause unenforceable. Specifically, Carfax quotes Ex parte Rymer,860 So.2d 339, 341 (Ala. 2003), for the proposition that an outbound forum-selection clause is not enforceable if "`(1) [the] enforcement of the forum-selection clause[] would be unfair on the basis that the contract[] . . . [was] affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that thechosen . . . forum would be seriously inconvenient for the trial of the action.'" (Quoting Professional Ins. Corp. v.Sutherland, 700 So.2d 347, 351 (Ala. 1997) (emphasis added).) Browning, in his brief to this Court, cites Exparte D.M. White Construction Co., 806 So.2d 370, 372
(Ala. 2001), for the same standard emphasized above. Browning also cites MIS Bremen v. Zapata Off-Shore Co.,407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), for the principle that a forum-selection clause will not be enforced if "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." 407 U.S. at 18, 92 S.Ct. 1907.
Carfax then continues its argument to this Court by contending that the trial court "failed to notice that the second ground requires `serious[] inconvenien[ce],' [Ex parteRymer]." (Emphasis added by Carfax.) The trial court, however, did apply more than a "mere inconvenience" standard. In its order denying Carfax's motion to dismiss, the trial court stated:
 "4. The Court finds that it will be impractical and inconvenient for Browning to assert his claims in Virginia. The Court further finds that the damages in this case are relatively small and the expense associated with trying to get relief in Virginia will be cost prohibitive. Taken together, these factors will render the litigation so gravely difficult and inconvenient that the Plaintiff will, for all practical purposes, be deprived of his day in court. Accordingly, in the opinion of the Court, the forum selection *Page 494 
clause is unconscionable and unenforceable."
(Emphasis added.)
Thus, the question whether "mere inconvenience" is enough to make unenforceable an outbound forum-selection clause is not controlling. See D.M. White, Constr. Co., supra. Indeed, it is not even in dispute. The dispositive question, instead, would appear to be whether the trial court correctly applied the "seriously inconvenient" standard announced in Ex parteRymer to the record before it. That question is not properly before us in this Rule 5 permissive appeal, however. We therefore dismiss the appeal.
APPEAL DISMISSED.
COBB, C.J., and LYONS, STUART, and BOLIN, JJ., concur.
[1] The corporate parent was later dismissed from this case based on the absence of personal jurisdiction; that dismissal is not before us in this appeal.