MURDOCK, Justice
(dissenting).
I respectfully dissent because of my view that Paula B. Noble’s second appointment as personal representative of the estate of Thomas A. Noble relates back to the date she filed her complaint in the wrongful-death action. See Wood v. Wayman, 47 So.3d 1212, 1220 (Ala.2010) (Murdock, J., dissenting); Richards v. Baptist Health Sys., Inc., 176 So.3d 179, 179 (Ala. 2014) (Murdock, J., dissenting); and Alvarado v. Estate of Kidd, 205 So.3d 1188, 1200 (Ala.2016) (Murdock, J., dissenting) (urging a return to the holding in Ogle v. Gordon, 706 So.2d 707 (Ala.1997), and to a straightforward, simple rule that the subsequent appointment of a person as the personal representative relates back so as to validate the timely commencement of a wrongful-death action by that person).
I agree with much of Justice Bryan’s well written dissenting opinion. And he and I, as well as Justice Wise, reach the same result. I am not prepared, however, to conclude, as Justice Bryan does, that that result can be reached using Rule 15(c) and Rule 17(a), Ala. R. Civ. P., “regardless of the application of § 43-2-831,” Ala.Code 1975, 215 So.3d at 1064 (Bryan, J., dissenting), a substantive-law provision based on a long history of common-law precedent providing for the ratification of actions taken by a personal representative before the issuance of letters testamentary or letters of administration, or perhaps of the application of the common-law principles underlying that statute. See Ogle, 706 So.2d at 709 (“The doctrine of relation back with respect to the powers of a personal representative has been in existence for approximately 500 years, and this Court first recognized it in Blackwell v. Blackwell, 33 Ala. 57 (1858).” (footnote omitted)); see also Wood v. Wayman, 47 So.3d at 1220 (Murdock, J., dissenting). To the contrary, like Justice Maddox when he wrote for the Court in Ogle, I believe the debate over § 43-2-831 and these common-law principles in which members of this Court have engaged off and on for over 40 years—beginning in Strickland v. Mobile Towing & Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), and continuing in Ogle, Wood, Alvarado, Ex parte Hubbard Properties, Inc., 205 So.3d 1211 (Ala.2016) (four Justices dissenting), and other cases[6]—not only is not irrelevant, it is essential.
*1055 It is not that Rule 15 and Rule 17, Ala. R. Civ. P., are themselves irrelevant. Indeed, the debate over this relation-back or ratification issue has always presumed that Rule 15 and/or Rule 17 (or their predecessors) was waiting in the wings to serve as the procedural vehicle for “correcting” the pleadings once the substantive issues were resolved. But without first giving an affirmative answer to the substantive relation-baek/ratification question, we would ask too much of these procedural rules. Substituting one party for another when both were in existence at the time of the filing of a pleading but a mistake was made as to which party should be named in the pleading is one thing; substituting a party retroactively to a pleading filed when that party did not even exist as such is something different. I do not think the procedural rules in question were designed to do the substantive, nunc pro tunc work of carrying some newly created entity, or newly acquired capacity of a party, back in time. Instead, the substantive relation back or ratification must first be in place. If it is, Rule 15 and Rule 17 are then available for the procedural work for which they were designed.
I would add as well that examination of the issue solely under a real-party-in-interest rubric does not yield a bright-line test, but instead apparently requires a case-by-case judgment call by the trial court as to whether the party bringing the wrongful-death lawsuit initially had a sufficiently close relationship or connection to the decedent’s heirs in order to allow the application of real-party-in-interest jurisprudence. See, e.g., Chavez v. Regents of Univ. of New Mexico, 103 N.M. 606, 610, 711 P.2d 883, 887 (1985) (“Where the real parties in interest received sufficient notice of the proceedings or were involved unofficially at an early stage, the statute of limitations should not be used mechanically to bar an otherwise valid claim.”); 6A Charles Alan Wright et al., Federal Practice & Procedure § 1555 (3d ed. 2008) (“A literal interpretation of Rule 17(a)(3) would make it applicable to every case in which an inappropriate plaintiff has been named. However, the rule should be applied only to cases in which substitution of the real party in interest is necessary to avoid injustice. Thus, it has been held that when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable and the action should be dismissed.” (footnotes omitted)).[7] In contrast, if a person commences a wrongful-death lawsuit and subsequently is appointed as the personal representative of the decedent’s estate, a bright line is crossed for purpose of application of the statute of limitations; no further relationship need be established.
Finally, I note, as does the main opinion, that Paula argues that Parkway Medical Clinic, Inc. (“Parkway”), and Dr. Jeffrey Markham waived the lack-of-capacity issue. The main opinion rejects that argument based on its decision that the original *1056 complaint filed by Paula was a nullity. Obviously, I disagree with that rationale. Nonetheless, I reject Paula’s waiver argument also, as I must in order to dissent. I do so for the different reason that I do not believe the issue of waiver is properly before us in this permissive appeal under Rule 5, Ala. R.App. P.
In a Rule 5 permissive appeal, this Court is limited to answering the specific legal question certified by the trial court and accepted by this Court. The only question certified to this Court is the substantive issue whether the wrongful-death action was a nullity when the plaintiff, Paula, had been discharged as the personal representative of the estate at the time of the filing of the initial complaint but was later reappointed. The question whether, as a procedural matter, Parkway and Dr. Markham failed to raise that issue soon enough provided no basis for the trial court’s denial of their summary-judgment motions and is not a question certified to us by the trial court.
In the trial court, all parties argued over whether Paula had timely commenced a wrongful-death action at a point in time when she had the authority or capacity to do so. As to defendants Parkway and Dr. Markham, however, Paula also argued that those defendants had waived the issue of her capacity at the time she filed her initial complaint. The order denying the defendants’ motions for a summary judgment, however, decided the merits of the limitations defense as to all four defendants— Northstar Anesthesia of Alabama, LLC, and Maria Bolyard, CRNA, as well as Parkway and Dr. Markham—based solely on whether Paula should be considered in law to have been the personal representative at the time the initial complaint was filed. The trial court’s order did not discuss the issue of any alleged waiver as to Parkway and Dr. Markham. And, in accord with its own consistent rationale for denying the summary-judgment motions of all four defendants, the question certified to this Court by the trial court was limited to that capacity issue. Specifically, the trial court certified only the following question:
“Is a wrongful death complaint filed by a person- who had been appointed as the personal representative of the estate of the deceased (‘the estate’) a nullity when (1) the person was appointed personal representative of the estate on January 18, 2012, within two years of the death of the deceased; (2) the estate was closed and the person was discharged and released of her fiduciary duties and fiduciary capacity with regard to the probate administration matters by order of the Probate Court on August 16, 2012; (3) no other person was appointed personal representative and no other probate matters were pursued; (4) the person, who had previously been appointed to serve as personal representative of the estate, filed the complaint on November 15, 2013, within two years of the death of the deceased; and (5) the estate was re-opened and letters of administration were re-issued to the person on December 16, 2013, more than two years after the death of the deceased?”
Thus, the question of law certified to this Court is one of the merits of the issue of Paula’s capacity or authority to file the initial complaint when she did, not the procedural question whether any defendant had waived the right to assert that issue.
“ ‘In conducting our de novo review of the question presented on a permissive appeal, “this Court will not expand its review ... beyond the question of law stated by the trial court. Any such expansion would usurp the *1057 responsibility entrusted to the trial court by Rule 5(a).” BE&K, Inc. v. Baker, 875 So.2d 1185, 1189 (Ala. 2003)....’
“Alabama Powersport Auction, LLC v. Wiese, 143 So.3d 713, 716 (Ala.2013).”
215 So.3d at 1047 (emphasis added). See also Regions Bank v. Kramer, 98 So.3d 510, 513 (Ala.2012) (to like effect, and adding that, “[tjherefore, the only issue before this Court is the following question of law identified by the trial court in its Rule 5 certifications”); Precision Gear Co. v. Continental Motors, Inc., 135 So.3d 953, 956 (Ala.2013) (“[Tjhe only issue before this Court is the issue framed in the previously quoted question of law.”).
As this Court stated in BE&K, Inc. v. Baker, 875 So.2d 1185 (Ala.2003):
“It is ‘our time-honored rule that a final judgment is an essential precondition for appealing to this Court.’ John Crane-Houdaille, Inc. v. Lucas, 534 So.2d 1070, 1073 (Ala.1988). However, in exercising its rulemaking authority, this Court has provided in Rule 5 that ‘[a] party may request permission to appeal from an interlocutory order in civil actions under limited circumstances.’ (Emphasis added.) Before a party may request permission to appeal from an interlocutory order, the trial court must determine that ‘the interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion,’ and ‘[tjhe trial judge must include in the [Rule 5(a) ] certification a statement of the controlling question of law.’ Once the trial court provides that certification, a petition for permission to appeal, in order to comply with Rule 5(b), must focus on ‘the controlling question of law determined by the order of the trial court.’
“The purposes of these requirements are obvious. First, Rule 5(a) ensures that the trial court has identified, and focused upon, what it considers to be the controlling question of law. Second, Rule 5(b) ensures that this Court is made aware of the question of law that will be presented for its review, if it grants permission to appeal. Therefore, consistent with the present requirements of Rule 5 and their purposes, this Court will not expand its review on permissive appeal beyond the question of la%v stated by the trial court. Any such expansion would usurp the responsibility entrusted to the trial court by Rule 5(a).
“In its Rule 5(a) certification, the trial court identified what, in its opinion, is the ‘controlling question of law* in this case: ‘Specifically, the issue presented is whether the claims asserted in the counterclaim relate back as to [the counterclaim defendants] under Ala.Code [1975,] § 6-8-84.’ However, under the undisputed facts, the trial court has not identified ‘a controlling question of law.’ Indeed, § 6-8-84 is irrelevant to any consideration of the compulsory counterclaims asserted by the Baker defendants. See Romar Dev. Co. v. Gulf View Mgmt. Corp., 644 So.2d 462, 473 (Ala.1994) (‘ § 6-8-84 ... applies] only to permissive counterclaims’).... See also Exxon Corp. v. Department of Conservation & Natural Res., 859 So.2d 1096, 1102 (Ala.2002) (‘In Romar, this Court ruled that all compulsory counterclaims, whether offensive or defensive, are not subject to the statute-of-limitations defense.’).
“On appeal, the counterclaim defendants seek to redefine the issue presented for our review, effectively abandoning the issue stated by the trial court. In their initial brief, Polar Property Development, Inc., and Polar Real Estate *1058 Corporation claim that the issue is whether ‘an untimely [compulsory] counterclaim relate[s] back for statute of limitation purposes, against counterclaim defendants who were not plaintiffs in the original complaint.’ Similarly, in their initial brief, BE & K, Inc., and BE & K Properties, Inc., identify the issue as whether ‘the untimely claims asserted in the [compulsory] counterclaim relate back as to newly added counterclaim defendants ..., none of which are or have ever been plaintiffs.’ These issues are beyond the scope of the issue stated by the trial court, and, consequently, are beyond the scope of our review on permissive appeal.
“For the foregoing reasons, we dismiss the appeal without prejudice.”
875 So.2d at 1188-89 (footnotes omitted; some emphasis added and some emphasis omitted). See also, e.g., Continental Cas. Co. v. Pinkston, 941 So.2d 926 (Ala.2006); Century Tel of Alabama, LLC v. Dothan/Houston Cty. Commc’ns Dist., 197 So.3d 456, 461 (Ala.2015) (“[T]he only issues before this Court are those included in the controlling questions of law identified in the circuit court’s certification.” (citation omitted)); Public Bldg. Auth. of Huntsville v. St. Paul Fire & Marine Ins. Co., 80 So.3d 171, 181 (Ala.2010) (to like effect); and Okeke v. Craig, 782 So.2d 281, 282 (Ala.2000) (“We granted the [Rule 5] petition only as to the question stated in Dr, Okeke’s petition. We therefore decline to respond to Dr. Okeke’s attempt to convert the premise of the first question into a second issue. We answer only the question stated in the petition to appeal.”); cf. Alabama Powersporb Auction, LLC v. Wiese, 143 So.3d 713, 720 (Ala.2013) (“It is not clear from the wording of the question exactly what controlling question of law the circuit court would have this Court answer; thus, we will reframe the question. In reframing the above question, however, we are mindful that this Court is to provide a de novo review of the controlling question of law presented by the circuit court, and, as noted above, ‘this Court will not expand its review on permissive appeal beyond the question of law stated by the trial court. Any such expansion would usurp the responsibility entrusted to the trial court by Rule 5(a).’ Baker, 875 So.2d at 1189.” (footnote omitted)); Carfax, Inc. v. Browning, 982 So.2d 491, 494 (Ala.2007) (“The dispositive question ... would appear to be whether the trial court correctly applied the ‘seriously inconvenient’ standard announced in Ex parte Rymerl, 860 So.2d 339, 341 (Ala.2003),] to the record before it. That question is not properly before us in this Rule 5 permissive appeal, however. We therefore dismiss the appeal.”).
Even if it had been expressly certified by the trial court, the waiver question by its nature does not meet the requirements for permissive appeal. Whereas the capacity issue is a purely legal issue, the question of waiver discussed in the lead opinion is not. It turns on a fact-intensive inquiry into such matters as the timing and substance of the parties’ various filings with the trial court and that court’s discretionary determination as to whether any prejudice or other cause would preclude amending one or more of those filings. Yet, Rule 5 review is limited to “controlling question[s] of law.” Further still, it is limited to “controlling questions of law as to which there is substantial ground for difference of opinion.” There is not a substantial ground for difference of opinion as to the principles of waiver in relation to the assertion of an affirmative defense. There is only the issue of how the previously established principles of waiver should apply to any given set of procedural facts. Rule 5 is not an appro *1059 priate vehicle for assisting a trial court in doing its job of applying undisputed principles of law to the particular facts of a given case. See Gowens v. Tys. S., 948 So.2d 513, 530 (Ala.2006); see also McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir.2004); Once Upon a, Time, LLC v. Chappelle Props., LLC, 209 So.3d 1094 (Ala.2016) (Murdock, J., dissenting).
Based on the foregoing, I do not see the waiver issue as an issue that is before this Court in this permissive appeal and therefore as an issue that stands in the way of my voting to dissent.

. Other cases in which the Court has found it important either explicitly or implicitly to *1055 work through the substantive-law question addressed in § 43-2-831 include Marvin v. Health Care Auth. for Baptist Health, 204 So.3d 863 (Ala.2016), and Richards v. Baptist Health Sys., Inc., 176 So.3d 179 (Ala.2014).

. Federal jurisprudence on the issue reflects the “evolution” of the law in the federal courts as to whether state law or federal law is ultimately controlling. See, e.g., In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prods. Liab. Litig,, 144 F.Supp.3d 680 (E.D.Pa.2015) (not selected for publication in F.Supp.); see also Estate of Rowell v. Walker Baptist Med. Ctr., 290 F.R.D. 549, 561 (N.D.Ala.2013) ("Eleventh Circuit authority on whether relation back is governed by federal or state law in federal court is presently unsettled....”).